**CSXT INTERMODAL, INC., Plaintiff,**

v.

**MERCURY CARTAGE, LLC, Defendant.**

No. 2:10cv–359–JAW.

United States District Court, D. Maine.

Nov. 9, 2010.

David P. Very, Norman, Hanson & Detroy, Portland, ME, for Plaintiff.

## ORDER DISMISSING MOTION FOR DEFAULT JUDGMENT

JOHN A. WOODCOCK, JR., Chief Judge.

Simply because a plaintiff is certain of a sum does not make a damage claim a sum certain within the meaning of Federal Rule of Civil Procedure 55(b)(1). Because the plaintiff failed to establish under *KPS & Assocs. v. Designs by FMC, Inc.*, 318 F.3d 1 (1st Cir.2003) that it is seeking a sum certain under Rule 55(b)(1), the Court dismisses without prejudice the plaintiff's motion for entry of default judgment.

## I. STATEMENT OF FACTS

On August 24, 2010, CSXT Intermodal, Inc. (CSXT) filed a complaint against Mercury Cartage, LLC (Mercury Cartage), claiming that Mercury Cartage failed to pay $273,335.00 in charges for its interstate transportation of freight on behalf of Mercury Cartage. *Compl.* (Docket # 1). CSXT properly served Mercury Cartage and Mercury Cartage has failed to appear or otherwise defend the cause of action. *Waiver of the Serv. of Summons* (Docket # 5). (stating that "I understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from August 26, 2010 ..." and "[i]f I fail to do so, a default judgment will be entered against me or the entity I represent"). On November 3, 2010, after Mercury Cartage failed to answer or defend the law suit, CSXT moved for entry of default, which the Clerk duly entered that same day. *Req. for Entry of Default Pursuant to Rule 55(a)* (Docket # 7); *Order Granting Mot. for Entry of Default* (Docket # 8).

On November 8, 2010, CSXT moved for entry of default judgment against Mercury Cartage in the amount of $273,335.00. *Req. for Default J. Pursuant to Rule 55(b)* (Docket # 9). CSXT says that it is entitled to default judgment because it seeks a sum certain under Rule 55(b)(1). *Id.* ¶ 3. CSXT bases its contention that its claim is for a sum certain by relying on a sworn declaration of Kurt Klippel, an employee of CSXT, in which Mr. Klippel says that CSXT is owed $273,335.00 for freight charges and related charges and that CSXT "has presented Mercury with certified freight bills for each movement and has demanded payment of the charges set forth." *Decl. of Kurt Klippel* ¶ 5 Attach. 1 (Docket # 9).

## II. DISCUSSION

Rule 55(b)(1) provides:

If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed.R.Civ.P. 55(b)(1). Unless a claim is for a "sum certain," a court must consider proof of damages before entering final judgment. *KPS*, 318 F.3d at 19; *Barreiro v. Jef Booth, P.C.*, No. 08–59ML, 2009 WL 982412 *2, 2009 U.S. Dist. LEXIS 35925 *5 (D.R.I. Apr. 10, 2009). The Court is dubious about whether the pleadings here state a claim for a "sum certain" within the meaning of Rule 55(b)(1). Simply because a plaintiff is certain of the sum does not make its damage claim a "sum certain" within the meaning of Rule 55(b)(1).

The First Circuit discussed the "sum certain" requirement in *KPS*, 318 F.3d at 20. In a Rule 55 context, "a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Id.* at 19. Typically, such situations include "actions on money judgments, negotiable instruments, or similar actions where the damages sought can be determined without resort to extrinsic proof." *Id.* at 19–20 (quoting *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1193 (Me.1993)). Another example is a claim for liquidated damages. *Id.* at 20. But "liquidated damages" has a specific meaning not applicable here. *See id.* (stating that "'liquidated' means adjusted,

certain, settled with respect to amount, fixed. A claim is liquidated when the amount thereof has been ascertained and agreed upon by the parties or fixed by operation of law").

■ To fall within the purview of Rule 55(b)(1), the judgment amount must involve "nothing more than arithmetic—the making of computations which may be figured from the record...." *HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 908, 919 (1st Cir.1988). In making this determination, the First Circuit has noted that "[n]either the fact that the complaint identifies a purported aggregate total, nor the fact that the affidavit attests to such a sum, automatically converts [a plaintiff's] claim into a 'sum certain.'" *KPS*, 318 F.3d at 20 n. 9. Thus, in *Lantor, Inc. v. Nicassio Corp.*, No. 06–46–S, 2007 WL 204015 *14–15, 2007 U.S. Dist. LEXIS 97861 *38–40 (D.R.I. Jan. 24, 2007), the plaintiff supplied by affidavit the actual invoices that had been forwarded to the defendant and the Court was able to check the amount sought against the invoices. *See also Katahdin Paper Co. v. U & R Sys., Inc.*, 231 F.R.D. 110, 113–14 (D.Me. 2005) (Granting default judgment where Plaintiffs provided "extensive documentation, including correspondence, purchase orders, work orders, and damage calculations").[1]

■ CSXT merely provided the Court with an affidavit from an employee stating that Mercury Cartage owes CSXT $273,335.00, and no documentation to corroborate the affiant's say-so. An employee's assurance, devoid of proper documentation, is insufficient evidence that a plaintiff is entitled to default judgment for a "sum certain" under Rule 55(b)(1).

## III. CONCLUSION

The Court DISMISSES without prejudice Plaintiff CSXT Intermodal Inc.'s Request for Default Judgment Pursuant to Rule 55(b) (Docket # 9).

SO ORDERED.

---

**1.** For CSXT's benefit, it would be wise to confirm that Mercury Cartage has not appeared in this action within the meaning of *Key Bank v. Tablecloth Textile Co.*, 74 F.3d 349 (1st Cir.1996).