JOHNNY'S OIL COMPANY, INC. *vs.* WALID ELDAYHA.

No. 11-P-1682.

Plymouth. May 30, 2012. - November 8, 2012.

Present: GRAHAM, VUONO, & AGNES, JJ.

*Practice, Civil,* Default, Relief from judgment, Vacation of judgment. *Judgment,* Default, Relief from judgment. *Rules of Civil Procedure. Contract,* Promissory estoppel. *Words,* "Sum certain."

In a civil action, a Superior Court judge did not abuse his discretion by denying a defendant's motion to vacate a clerk's entry of default pursuant to Mass.R.Civ.P. 55(a), where the defendant's motion consisted of conclusory statements that he had a meritorious defense and was accompanied by an affidavit setting forth the facts and nature of his defenses. [707-708]

In a civil action, a Superior Court judge erred by denying a defendant's motion for relief from default judgment pursuant to Mass.R.Civ.P. 55(b)(1), where, although the defendant's motion and supporting affidavit consisted of conclusory statements [708-709], the plaintiff's claim to recover a contractual debt did not qualify as a "sum certain" under Mass.R.Civ.P. 55(b)(1), in that the record contained no indication of the terms of the contract or evidence of a "sum certain," and in that the defendant did not admit the alleged amount of the debt by failing to respond to the complaint [709-714]; and where, in light of the equitable nature of the plaintiff's detrimental reliance claim and the indeterminate nature of damages owed on such a claim, a hearing was required before a judge pursuant to Mass. R.Civ.P. 55(b)(2) on the appropriate award of such damages [714-716].

Statement of the documentation required of a plaintiff seeking a default judgment under Mass.R.Civ.P. 55(b)(1). [716]

CIVIL ACTION commenced in the Superior Court Department on March 21, 2011.

A motion to vacate default was considered by *Raymond P. Veary, Jr.,* J., and a motion for relief from judgment was considered by *Robert C. Cosgrove,* J.

*Michael Savage* for the defendant.

*Joseph A. Enriquez* for the plaintiff.

AGNES, J. The defendant, Walid Eldayha, appeals from an

order denying his motion for relief from a default judgment in favor of the plaintiff, Johnny's Oil Company, Inc. (Johnny's Oil), entered by a clerk of the Superior Court on what is, essentially, a collection action for gasoline delivered to stations owned or controlled by Eldayha.[1] The issues before us are whether the motion judge abused his discretion by denying Eldayha's prejudgment motion to vacate the entry of default, and whether a second motion judge abused his discretion by denying Eldayha's motion for relief from the default judgment. With regard to his motion for relief from the default judgment, Eldayha argues, among other things, that the entry of judgment by a Superior Court clerk pursuant to Mass.R.Civ.P. 55(b)(1), as amended, 454 Mass. 1401 (2009), was improper because Johnny's Oil's claim was not for a "sum certain" or "a sum which can by computation be made certain."[2]

*Procedural facts.* Johnny's Oil filed a four-count complaint against Eldayha on March 21, 2011. The first two counts allege breach of contract and "misrepresentation & detrimental reliance" based upon Eldayha's failure to pay for the delivery of gasoline to stations owned or controlled by him. The complaint alleges that the balance due for the gasoline was $143,963.71, and requests this amount for each of the first two counts. Count three alleges misrepresentation and detrimental reliance on the basis of Eldayha's request that Johnny's Oil purchase a "model year 2000 Freightliner tank wagon truck" in order to service Eldayha's gasoline stations. Johnny's Oil alleged that it purchased such a truck in reliance on Eldayha's request, at a cost of $92,500. The complaint further states that Eldayha then "refused to pay for the gasoline and any future orders." The final count states a G. L. c. 93A claim. Service of the complaint was made on Eldayha's last and usual place of abode on March 28, 2011.

---

[1] Johnny's Oil was also awarded damages based upon a claim of detrimental reliance, regarding its purchase of an oil tank truck used to deliver gas to Eldayha's stations.

[2] Rule 55(b)(1) authorizes a clerk to enter a judgment by default, as distinguished from the entry of a default, when, among other requirements, "the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain." In such a case there is no hearing conducted by a judge to determine the issue of damages. In all other cases, entry of a judgment by default may be accomplished only by order of a judge. See Mass.R.Civ.P. 55(b)(2), as amended, 454 Mass. 1401 (2009).

As of April 22, 2011, Eldayha had not responded to the complaint, and Johnny's Oil filed a motion for a default pursuant to Mass.R.Civ.P. 55(a), 365 Mass. 822 (1974), which a clerk entered on the same day. On May 5, 2011, Eldayha filed a motion to remove the default and to file his answer late.[3] Johnny's Oil filed an opposition on May 11, 2011, and on May 17, 2011, it moved for default judgment pursuant to Mass.R.Civ.P 55(b)(1).[4] On June 6, 2011, Eldayha's motion to vacate the default was denied.

On July 14, 2011, a Superior Court clerk notified Johnny's Oil that waiver of its c. 93A claim was required prior to entry of default judgment under rule 55(b)(1). Johnny's Oil voluntarily dismissed that count of the complaint without prejudice on July 29, 2011, and additionally submitted an affidavit from its president in support of its motion for default judgment. The president's affidavit states that "[p]ursuant to a longstanding agreement," Eldayha had promised to pay for gasoline deliveries to service stations he owned and operated but had failed to do so for deliveries "with a total cost of $143,963.71." The affidavit further states that the tank truck, which Johnny's Oil had purchased based upon Eldayha's request, had cost $92,500. Finally, the president avers that Johnny's Oil's "books of account" show that Eldayha is indebted to Johnny's Oil in the total amount of $236,463.71.

On August 9, 2011, a clerk of the court entered default judgment against Eldayha in the amount of $236,463.71 plus interest in the amount of $10,961.65. Eldayha moved for relief from the judgment, pursuant to Mass.R.Civ.P 60(b), 365 Mass. 828 (1974), on September 1, 2011. That motion was denied by a second judge on September 6, 2011.

*Discussion.* 1. *Motion to vacate default.* Eldayha argues that the first motion judge abused his discretion when he refused to

---

[3]Eldayha's appellate brief contains an extended narrative about his purported attempts to file a response prior to the entry of default on the docket. He asserts that his motion was docketed on April 25, 2011, but subsequently was removed from the docket. These statements are unsupported by the record.

[4]Eldayha's opposition to the entry of default judgment alleged that Johnny's Oil's claims failed to meet the "sum certain" requirement of Mass.R.Civ.P. 55(b)(1), due to Johnny's Oil's failure to provide invoices or bills showing the alleged debt.

vacate the default. A defendant may obtain relief from a default on a showing of "good cause." See Mass.R.Civ.P. 55(c), 365 Mass. 822 (1974); *Bissanti Design/Build Group* v. *McClay*, 32 Mass. App. Ct. 469, 470 (1992). "Good cause" requires a showing by affidavit that the defendant had a good reason for failing to plead or defend in a timely manner and had meritorious defenses. See *New England Allbank for Sav.* v. *Rouleau*, 28 Mass. App. Ct. 135, 140 (1989). See also Smith & Zobel, Rules Practice § 55.8 (2d ed. 2007). We review a judge's decision not to vacate a default for abuse of discretion. *New England Allbank for Sav.*, *supra* at 144. "We do not consider that discretion abused unless its exercise has been characterized by arbitrary determination, capricious disposition, whimsical thinking, or idiosyncratic choice." *Greenleaf* v. *Massachusetts Bay Transp. Authy.*, 22 Mass. App. Ct. 426, 429 (1986).

In his motion to vacate the default, Eldayha stated that the reason for his failure to file his answer was that the complaint was "served at a domicile from which I was in the process of vacating." However, he failed to accompany his motion, as required, with an affidavit setting forth the facts and circumstances, including the nature of his defenses, offering, instead, a motion with mere conclusory statements that he had a meritorious defense. That, alone, is a fatal omission. See *New England Allbank for Sav.*, 28 Mass. App. Ct. at 140. Consequently, we conclude that the first motion judge did not abuse his discretion in denying Eldayha's motion to vacate the default.

2. *Motion for relief from default judgment.* a. *Excusable neglect.* Eldayha also claims that the second motion judge abused his discretion in denying the rule 60(b) motion for relief from the default judgment. "Rule 60(b) of the Massachusetts Rules of Civil Procedure provides a limited exception to the finality of a judgment. Relief is available in a narrow set of circumstances, specified in subdivisions (b)(1) through (b)(6), to accomplish justice." *Jones* v. *Boykan*, 79 Mass. App. Ct. 464, 468 (2011). "Rule 60(b)(1) permits a judge . . . to relieve a party from the effect of an otherwise final judgment for reasons of 'mistake, inadvertence, surprise, or excusable neglect.' " *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 429 (1979). "Excusable neglect requires circumstances that are

unique or extraordinary[, not] any kind of garden-variety oversight." *Feltch* v. *General Rental Co.*, 383 Mass. 603, 613-614 (1981) (citations and quotations omitted). "Entry or, conversely, removal of default judgment has to do with the management of the case and, as such, is committed to the sound discretion of the trial judge." *Greenleaf*, 22 Mass. App. Ct. at 429.

In his affidavit supporting his motion for relief from judgment, Eldayha generally alleges that at the time of service he was having marital difficulties and that his "wife . . . did not give me the Complaint until the twenty days had expired. I believe she did this out of spite knowing the delay would be harmful." Assuming the statements rose to the "extraordinary" level required to show good cause or excusable neglect, the judge did not abuse his discretion by denying Eldayha's motion because Eldaya presented only conclusory assertions rather than a demonstration that he had a meritorious defense to liability on the claims.

b. *Sum certain.* i. *Gasoline charges.* Our rules of civil procedure authorize a clerk to enter a judgment by default, as distinguished from the entry of a default, only when, among other requirements, "the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain." Mass.R.Civ.P. 55(b)(1). In such a case there is no hearing and no oversight by a judge. The clerk's responsibility is ministerial — to make a computation of damages, which may include the addition of interest. In all other cases, entry of a judgment by default may only be accomplished by order of a judge.[5] See Mass.R.Civ.P. 55(b)(2).

Even where a defendant makes no appearance in a case, a default judgment does not automatically enter for a plaintiff. It is settled "that a default does not concede the amount of damages." *Bissanti Design/Build Group*, 32 Mass. App. Ct. at

---

[5]Although the phrase "sum certain" does not appear in Mass.R.Civ.P. 55(b)(2), this rule has been interpreted to require a judge to conduct a hearing before entering a default judgment whenever the damages are not for "a sum certain or susceptible of mathematical calculation." *National Grange Mut. Ins. Co.* v. *Walsh*, 27 Mass. App. Ct. 155, 158 (1989). Under the rule, the judge may conduct an evidentiary hearing, refer the matter to a master, or conduct a jury trial limited to the question of damages. See 1973 Reporter's Notes to Mass.R.Civ.P. 55, 46 Mass. Gen. Laws Ann., Rules of Civil Procedure, at 763 (West 2006).

471, citing *Productora e Importadora de Papel, S.A. de C.V.* v. *Fleming*, 376 Mass. 826, 832-835 (1978). This is because the court, as has been noted in regards to the analogous Fed. R.Civ.P. 55, see note 7, *infra*, "has an obligation to assure that there is a legitimate basis for any damage award it enters, and to assure that damages are not awarded solely as the result of [a] . . . defendant's failure to respond," in this case, to a complaint. *Anheuser-Busch, Inc.* v. *Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). In order to fulfil this burden, a trial court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc.* v. *Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

Prior to the adoption of the rules of civil procedure, a judge was authorized to order entry of judgment following a default either "by taking evidence when necessary or by computation from facts of record." *Plasko* v. *Orser*, 373 Mass. 40, 44 n.3 (1977), quoting from *Pope* v. *United States*, 323 U.S. 1, 12 (1944).[6] "Rule 55(b) [did] not substantially change Massachusetts practice." 1973 Reporter's Notes to Mass.R.Civ.P. 55, 46 Mass. Gen. Laws Ann., Rules of Civil Procedure, at 763 (West 2006). The change brought about by the adoption of rule 55(b)(1) (at the time applicable to all courts except the District and Boston Municipal Court departments) and the adoption of rule 55(b)(3) (at the time applicable to the District and Boston Municipal Court departments) was to relieve judges "of a purely mechanical, non-discretionary function," Smith & Zobel, Rules Practice § 55.3, namely, the responsibility for entering judgment when "the amount is liquidated or susceptible of mathematical computation." *Plasko, supra* at 44 n.3, quoting from *Flaks* v. *Koegel*, 504 F.2d 702, 707 (2d Cir. 1974).

For example, in *Plasko, supra* at 44, the court explained that ordinarily, after a default in an action on a note, a clerk is authorized to enter judgment because the claim is "for a sum certain or for a sum which can by computation be made certain," but the clerk could not enter a judgment that also included

---

[6]Prior Massachusetts practice also provided a statutory right to trial by jury on the issue of damages. See *Silkey* v. *New England Tel. & Tel. Co.*, 9 Mass. App. Ct. 816, 817 (1980).

attorney's fees because a hearing would be required in order to determine the amount of the fees that are due. In such a case, therefore, it would be necessary for a judge to act under Mass. R.Civ.P. 55(b)(2). Likewise, in *National Grange Mut. Ins. Co. v. Walsh*, 27 Mass. App. Ct. 155, 158 (1989), this court vacated an award of damages ordered entered by a judge without a hearing under Mass.R.Civ.P. 55(b)(2) because it was not based on a "sum certain": "[o]nly a conclusory memorandum prepared by counsel and his representations supported the judgment. These damages should not have been awarded without an evidentiary hearing or a computation from facts of record. The plaintiff has not shown here that the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed [uncontroverted] affidavits." *Ibid.* (citation & quotation omitted). Accord *Kansky v. Harrison*, 398 Mass. 1007, 1008 (1986).[7]

A prototypical sum certain is an action on a note or a similar

---

[7]Because "the cases discussing the sum certain requirement of [r]ule 55 are few and far between and rather exiguous in their reasoning," *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 n.7 (1st Cir. 2003), quoting from *Collex, Inc. v. Walsh*, 74 F.R.D. 443, 450 (E.D. Pa. 1977), a consideration of the practice under the Federal Rules of Civil Procedure, which include the same critical language defining the scope of clerk's authority as the corresponding Massachusetts rules, is helpful. See *Kenney v. Rust*, 17 Mass. App. Ct. 699, 705 (1984). In the Federal system, a clerk is authorized to enter a default judgment only when the amount of the damages is fixed or can be calculated to a sum certain on the basis of documentation supplied by the moving party. See 10 Moore's Federal Practice § 55.20[2] (3d ed. 2012); *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d at 19 ("In the [r]ule 55 context, a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default"). See also *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323-1324 (7th Cir. 1983); *HMG Property Investors, Inc. v. Parque Industrial Rio Canas, Inc.*, 847 F.2d 908, 919 (1st Cir. 1988) ("It is settled that, if arriving at the judgment amount involves nothing more than arithmetic — the making of computations which may be figured from the record — a default judgment can be entered without a hearing of any kind"); *Collex, Inc. v. Walsh, supra* at 450 ("A judgment may not be entered by default without a hearing, unless the amount claimed is a liquidated amount or an amount capable of mathematical calculation"); *Combs v. Coal & Mineral Mgmt. Servs., Inc.*, 105 F.R.D. 472, 474 (D.D.C. 1984) ("If the dollar amount of the defendant's liability is a matter of estimation, such as the value of a converted chattel, or the extent of personal injuries, then it is not a 'sum certain' and entry of default judgment for that amount may be entered only by the [c]ourt after a factual evaluation" [citations omitted]).

instrument, such as a guaranty. See *Plasko, supra* (note gener-
ally sum certain); *Shawmut Bank, N.A.* v. *Chase*, 34 Mass. App.
Ct. 266, 268, *S.C.*, 416 Mass. 1008 (1993) (guaranty generally
sum certain). In such a case, the moving party is responsible for
providing the clerk with sufficient documentation about amounts
paid and amounts due to enable the clerk to arrive at an award
of damages by the use of arithmetic and not the mere "say-so"
of the moving party. See *Franchise Holding II, LLC* v. *Hunting-
ton Restaurants Group, Inc.*, 375 F.3d 922, 929 (9th Cir. 2004).
On the opposite end of the spectrum, an action in which cred-
ibility assessments are necessary or there is discretion over how
to calculate the damages is not for a sum certain. See, e.g.,
*Shafnacker* v. *Raymond Jones & Assocs., Inc.*, 425 Mass. 724,
737 (1997) (damages based on performance of investments that
would have been proper and reasonable for plaintiff was not for
sum certain).[8]

In this case, the attempt by Johnny's Oil to recover a con-
tractual debt for the delivery of gasoline does not qualify as a
"sum certain," or "a sum which by computation can be made
certain." The record contains no indication of the terms of the
parties' contract. It is unclear, for example, whether the price
per unit of gasoline was a set figure, was based on market
prices, or was based on some approximation of reasonableness.[9]
It is also unclear whether there were any charges for services, in
addition to charges for the gasoline itself, and whether these
charges were for a set or a reasonable amount. In fact, it is
unknown whether the parties reduced their contract to writing
or had an informal, oral set of agreements. Without such informa-
tion, the case does not qualify for a default judgment pursuant
to Mass.R.Civ.P. 55(b)(1).

Johnny's Oil argues that because it has stated a precise figure

---

[8]See generally 46 Am. Jur. 2d Judgments § 270 (2006) (listing items that are
and are not sums certain).

[9]The only documentary evidence in the record that sheds any light on the
subsidiary terms of the contract is a purported invoice from Johnny's Oil to
"Sprague & Petro," which was attached to Eldayha's answer and several mo-
tions below. This invoice seems to indicate that the charges for gasoline fluctu-
ated on a weekly basis. While the validity of the invoice is contested by Johnny's
Oil, as it states that "Sprague & Petro" (which may or may not be proxies for
Eldayha) have actually overpaid Johnny's Oil by $12,593.45, it indicates just
how much is unknown about the measure of damages in this case.

in its complaint and has submitted an affidavit attesting to this figure, it has satisfied the sum certain requirement. However, a "complaint does not achieve 'sum certain' status simply by requesting a specific amount." *Curly Customs, Inc.* v. *Pioneer Financial*, 62 Mass. App. Ct. 92, 100 (2004), quoting from Smith & Zobel, Rules Practice § 55.4 (1977 & Supp. 2004).[10] Likewise, as this court has previously stated in regard to a claim for breach of contract, "[t]he appending of invoices — [where] the plaintiff did not even itemize the services — did not convert his claims into a sum certain within the meaning of Mass.R.Civ.P. 55[(b)]." *Marshall* v. *Stratus Pharmaceuticals, Inc.*, 51 Mass. App. Ct. 667, 679 (2001).[11] In light of *Marshall, supra*, Johnny's Oil's decision to append *no* documentation to its motion for a default judgment cannot be considered sufficient to establish that its claim is for a sum certain. Less documentation cannot suffice where more is inadequate.

Similarly, Eldayha cannot be said to have admitted this figure by failing to respond to the complaint because "[a]verments in a pleading to which a responsive pleading is required, *other than those as to the amount of damage*, are admitted when not denied in the responsive pleading" (emphasis supplied). Mass.R.Civ.P. 8(d), 365 Mass. 749 (1974). See *Bissanti Design/Build Group*, 32 Mass. App. Ct. at 471 ("a default does not concede the amount of damages"). Johnny's Oil's statement of the debt owed by Eldayha in the complaint is functionally an averment as to the amount of damages under its breach of contract claim. It was not deemed admitted by Eldayha's failure to file a responsive pleading denying the amount. Holding otherwise would allow Mass.R.Civ.P. 8(d) to be evaded by an exercise in tautology.

Many other jurisdictions interpreting provisions similar or

---

[10] "The mere demand for judgment of a specified dollar amount does not suffice to make plaintiff's claim one for a 'sum certain' as contemplated by [r]ule 55(b)." *Hecht Realty, Inc.* v. *Hastings*, 45 N.C. App. 307, 309 (1980) (although complaint alleged breach of contract it did not contain specific details nor was it accompanied by attachments that made it possible to calculate amount of damages). "Simply because a plaintiff is certain of the sum does not make its damage claim a 'sum certain' " within rule 55(b). *CSXT Intermodal, Inc.* v. *Mercury Cartage, LLC*, 271 F.R.D. 400, 401 (D. Me. 2010).

[11] In *Marshall, supra*, the reference to Mass.R.Civ.P. 55(a) is a typographical error.

identical to Mass.R.Civ.P. 55(b)(1) have come to precisely the same result in similar situations.[12]

ii. *The tank truck.* There remains the issue of the award of damages of $92,500, based upon the Johnny's Oil's claim that it purchased a truck at the request of Eldayha. Although any substantive defenses have been waived by Eldayha due to his failure to file a timely response to the complaint, we conclude the damages sought were not for a sum certain notwithstanding the affidavit from Johnny's Oil's president, which states that "[Eldayha] requested [Johnny's Oil] purchase a model year 2000 Freightliner tank wagon with a price of $92,500. In reliance therein, [Johnny's Oil] made the purchase."

Detrimental reliance on an offer or a promise (also known as promissory estoppel) is a substitute for consideration. Therefore, an offer that reasonably induces the other party to act is enforceable as a contract in the same manner as any other contract to the extent necessary to avoid injustice. *Loranger Constr. Corp.* v. *E. F. Hauserman Co.*, 376 Mass. 757, 760-761 (1978). See *Rhode Island Hosp. Trust Natl. Bank* v. *Varadian*, 419 Mass. 841, 850 (1995); Restatement (Second) of Contracts § 90(1) (1981). Nonetheless, this cause of action is infused with equitable considerations.[13] Recovery under the theory of detrimental reliance is permitted because the law recognizes that facts falling short of "deceit, bad faith or actual fraud . . . may constitute

---

[12]See *Systems Indus., Inc.* v. *Han*, 105 F.R.D. 72, 75-76 (E.D. Pa. 1985); *CSXT Intermodal, Inc.* v. *Mercury Cartage, LLC*, 271 F.R.D. at 402 (mere statement in affidavit of employee that defendant owes plaintiff $273,335 does not establish sum certain absent "documentation to corroborate the affiant's say-so"); Trustees of the Operating Engrs. Fund *vs.* Dominion Caisson Corp., U.S. Dist. Ct., No. DKC 10-227, at 7 (D. Md. Apr. 27, 2010); *Basnight Constr. Co.* v. *Peters & White Constr. Co.*, 169 N.C. App. 619, 623-624 (2005) (vacating default judgment in breach of contract case because nothing other than plaintiff's "bare assertion" established damages; requiring contract or invoice be submitted); *Beckmann Concrete Contractors, Inc.* v. *United Fire & Cas. Co.*, 360 S.C. 127, 132-133 (2004), quoting from *Hecht Realty, Inc.* v. *Hastings*, 45 N.C. App. at 309 ("mere demand for judgment of a specified dollar amount does not suffice to make plaintiff's claim one for 'a sum certain' ").

[13]See Smith, The Equitable Dimension of Contract, 45 Suffolk U. L. Rev. 897, 902 (2012) ("Although restitution has roots in both the common law and equity, it has always been considered to have a special equitable flavor compared to other branches of the common law").

conduct contrary to general principles of fair dealing and to the good conscience which ought to actuate individuals and which it is the design of courts to enforce. It is in the main to accomplish the prevention of results contrary to good conscience and fair dealing that the doctrine of estoppel has been formulated and taken its place as a part of the law." *MacKeen* v. *Kasinskas,* 333 Mass. 695, 698 (1956) (quotation omitted). "[T]he detrimental reliance by the party claiming estoppel must be reasonable." *Weston Forest & Trail Assn., Inc.* v. *Fishman,* 66 Mass. App. Ct. 654, 659 (2006).

Johnny's Oil alleges that it would not have purchased the tank truck absent Eldayha's instruction that it do so and that, consequently, with liability established, it should be restored to "as good a position as [it] would have been in had the contract not been made." *Hastoupis* v. *Gargas,* 9 Mass. App. Ct. 27, 35 n.6 (1980). However, just as in the case of the agreement for the purchase of the gasoline, Johnny's Oil's statement of the specific amount of money owed by Eldayha was not admitted by Eldayha's failure to file a responsive pleading denying the amount owed. See Mass.R.Civ.P. 8(d). "[A] default does not concede the amount of damages." *Bissanti Design/Build Group,* 32 Mass. App. Ct. at 471. Even though the affidavit filed by Johnny's Oil's president states that Johnny's Oil carried out Eldayha's specific direction and "purchased" a truck for $92,500, it does not satisfy the requirements of Mass.R.Civ.P. 55(b)(1).

In the absence of an agreement between the parties setting forth all the relevant terms (including in this case what was to become of the truck in the future and whether Eldayha was due an offset), the damages that are appropriate to award in a case of detrimental reliance, in which one party purchases a thing such as a vehicle in reasonable reliance on the promise of another party, are necessarily indeterminate. In order to determine the amount of restitutionary damages required to restore Johnny's Oil to the position it was in before Eldayha's promise was made, it will be necessary to determine the disposition of the truck purchased by Johnny's Oil. Whether Johnny's Oil sold it, leased it, or retained it for its own use, the truck has a value that must be considered in calculating the appropriate award of damages. Thus, in view of the equitable nature of the claim

based on detrimental reliance and the indeterminate nature of the damages owed to Johnny's Oil, there must be a hearing before a judge under Mass.R.Civ.P. 55(b)(2) on the question of the appropriate award of damages on count three of the complaint.

*Conclusion.* The view we take of rules 55(b)(1) and 55(b)(2) does not mean that a clerk is prohibited from entering a default judgment under rule 55(b)(1) where the plaintiff seeks to recover damages based on a contract for goods sold and delivered like the claim in count one relating to gasoline. Optimally, in such a case, the plaintiff will include (a) a description of the contract or arrangement creating the duty of payment, along with any supporting documentation; (b) an itemization of the goods and services delivered, supported by any available copies of the corresponding bills, invoices, and records of performance; and (c) verification of all allegations and documentation. At a minimum, however, the plaintiff must provide the clerk with the essential terms of the contract or other documentation that establishes the debt, accompanied by appropriate verification, so the clerk can be assured that the claim is one for a sum certain or one that can be made certain by calculation.[14] In the case of a claim for damages that requires the application of equitable principles (e.g., what is fair and reasonable), such as the claim for detrimental reliance damages in count three of the complaint here, an assessment of damages by a judge under Mass.R.Civ.P. 55(b)(2) will be required.

For the above reasons, we affirm the order denying the motion

---

[14]It is important that a clerk presented with a motion for entry of a default judgment under Mass.R.Civ.P. 55(b)(1) be given sufficient documentation to permit verification of the calculations which render a claim one for a "sum certain." Even an honest plaintiff can make calculation errors, as shown by the case law. See, e.g., *KPS & Assocs., Inc.* v. *Designs by FMC, Inc.,* 318 F.3d at 18-19 (noting various calculation discrepancies in complaint and affidavit regarding default judgment); *Systems Indus., Inc.* v. *Han,* 105 F.R.D. at 75 (indicating accounts attached to complaint do not add up to debt claimed in complaint); *Interstate Food Processing Corp.* v. *Pellerito Foods, Inc.,* 622 A.2d 1189, 1193 (Me. 1993) ("[e]ven assuming that an invoice can establish the liquidated amount of the claim . . . [d]ocumentation showing a debt of $33,932.59 does not render a claim for $12,967.84 a sum certain"); *Basnight Constr. Co.* v. *Peters & White Constr. Co.,* 169 N.C. App. at 624 (noting discrepancy in amount stated in affidavit). Where such errors have emerged from submitted documentation, courts have determined that the claim was not for a sum certain and required review by a judge.

to remove the default, and reverse the order denying the motion for relief from the default judgment. The matter is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*