The plaintiff, Thomas S. Oliver, Jr., filed a complaint in the District Court on December 23, 2005, against the defendant, Alyssa Parent, seeking payment for goods sold and delivered and asserting a claim of unfair and deceptive trade practices under G. L. c. 93A. The trial court docket indicates that on July 27, 2007, the case was "inactivated" at the request of the parties "while payment is being made."
Seven years later, on August 1, 2014, the plaintiff filed an application for default judgment. Judgment for the plaintiff in the amount of $11,271.53 entered on August 27, 2014. On September 9, 2014, the defendant moved to vacate the default judgment, and on September 15, 2014, it was vacated as "issued in error." On October 3, 2014, the defendant filed an answer and counterclaim, along with a motion for leave to file late, which a judge allowed on October 29, 2014.
The case was scheduled for a bench trial on September 14, 2015. On September 17, 2015, the judge issued a judgment of dismissal of the plaintiff's complaint, "after plaintiff(s) failed to appear." On November 3, 2015, a default judgment entered against the plaintiff on the defendant's counterclaims in the amount of $32,913.30. The docket indicates that a copy of the judgment on the counterclaims mailed to the plaintiff was returned on November 12, 2015. The plaintiff filed a notice of appeal on January 4, 2016. The defendant moved to dismiss the plaintiff's notice of appeal as untimely, and the motion was allowed on March 23, 2016. On August 30, 2016, the plaintiff filed a motion for leave to file a late notice of appeal. A hearing on the motion was held on September 7, 2016, and the judge denied the motion on September 28, 2016.
The plaintiff then filed in the Appellate Division of the District Court a "Motion to Vacate Judgment and Reinstate Original Judgment under Rule 2."[4] In a decision and order dated January 11, 2017, and entered on January 13, 2017, the Appellate Division denied the plaintiff's motion, stating that it lacked the authority "to allow the filing of an appeal more than 180 days after the judgment that entered on November 3, 2015," and that "the plaintiff ha[d] failed to demonstrate good cause for an enlargement of time under Rule 14(b) for the filing of the notice of appeal, nunc pro tunc, to January 4, 2016." The plaintiff filed a timely notice of appeal from the Appellate Division's decision on his motion, which is the only matter now before us.
Discussion. A notice of appeal in a civil case must be "filed with the clerk of the lower court within thirty days of the date of the entry of the judgment appealed from." Mass.R.A.P. 4(a), as amended, 464 Mass. 1601 (2013). A notice of appeal to the Appellate Division of the District Court must be filed within ten days of the judgment appealed from. See District/Municipal Courts Rules for Appellate Division Appeal (Dist./Mun.Cts.R.A.D.A.) 4(a). In either case, the plaintiff's notice of appeal from the November 3, 2015, judgment, which he filed on January 4, 2016, was untimely.
Rule 2 of the Dist./Mun.Cts.R.A.D.A. permits the Appellate Division to suspend any provision or requirement of its rules except as provided in rule 4(c) and rule 14(b). Rule 4(c) permits the trial court to extend the time for filing a notice of appeal by ten days based on a motion for an extension, but "in no event shall the court permit the filing of a notice of appeal later than 180 days after entry of the judgment." Dist./Mun.Cts.R.A.D.A. 4(c). Rule 14(b), which permits the enlargement of time for doing any act required under the rules, also prohibits the enlargement of time for filing a notice of appeal beyond 180 days from the date of entry of the judgment.
The plaintiff's January 4, 2016, notice of appeal had been stricken as untimely when the plaintiff initiated his action in the Appellate Division on October 17, 2016. By this time well over 180 days had elapsed since the entry of judgment on November 3, 2015.[5] The Appellate Division did not err in concluding that "[t]his Division lacks authority under Rule 2 to allow the filing of an appeal more than 180 days after the judgment that entered on November 3, 2015."
Thus, the only avenue of relief open to the plaintiff was a request for the Appellate Division to enlarge his time for filing his January 4, 2016, notice of appeal nunc pro tunc, rendering it timely. See Commonwealth v. White, 429 Mass. 258, 263-264 (1999) ; Eyster v. Pechenik, 71 Mass. App. Ct. 773, 781 (2008). In this regard, the Appellate Division concluded that the plaintiff had "failed to demonstrate good cause" to justify an enlargement of time. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 781-782 (party seeking to file notice of appeal late must establish " 'good cause' for [his] failure to file a timely appeal in light of all the circumstances," as well as "meritorious appellate issues"). We review the Appellate Division's decision on the issue of "good cause" for abuse of discretion. See Johnny's Oil Co. v. Eldayha, 82 Mass. App. Ct. 705, 708 (2012). Having reviewed the plaintiff's filings in the Appellate Division, we discern no abuse of discretion in the Appellate Division's determination that the plaintiff failed to establish good cause.
Accordingly, we affirm the decision and order of the Appellate Division.
So ordered.
Affirmed.

The motion is dated October 10, 2016, but was filed in the Appellate Division on October 17, 2016.

This is true even using October 10, 2016, as the filing date. See note 3, supra.