James Hayes appeals from a decision and order of the Appellate Division of the District Court dismissing his appeal from an order denying his motion for relief from judgment.[2] Discerning no error in the Appellate Division's conclusion that Hayes's appeal was not timely, we affirm.
The underlying District Court action was brought by Discover Bank (Discover) to recover an unpaid balance on Hayes's credit card account. Although we do not have Discover's complaint in the materials before us, the parties and the Appellate Division agree that Discover sought damages of $5,854.84 on Hayes's account. Discover propounded to Hayes requests for admission and interrogatories. Hayes responded to Discover's requests for admission, but not to its interrogatories. After forty-five days had passed, Discover served a final request for answers on Hayes, as required by Mass.R.Civ.P. 33(a)(3), as appearing in 436 Mass. 1401 (2002). We need not consider each party's speculation regarding the other's discovery behavior and motivation; it suffices to note that Hayes did not respond to Discover's final request within the additional time period specified in rule 33(a)(3).
Discover then filed a motion for entry of default judgment, see Mass.R.Civ.P. 33(a)(4), attaching to its motion, among other things, an affidavit attesting to Discover's compliance with the rule 33 procedures, a summary chart setting forth Discover's claimed damages, and a copy of a document titled "Account Summary." On November 2, 2015, default judgment entered in Discover's favor in the amount of $5,854.84 plus costs. A judgment dismissing Hayes's counterclaims entered on November 6, 2015.
Hayes did not notice a timely appeal from the judgments, see note 1, supra, but instead filed a motion for relief from judgment under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974). He did not specify in his motion under what provision of rule 60(b) he sought relief but, at hearing before a District Court judge, Hayes's counsel clarified that he was seeking relief under rule 60(b)(1), that is, for "mistake, inadvertence, surprise, or excusable neglect." In support of the motion, counsel represented that Hayes did not timely answer the interrogatories because "the interrogatories ... fell through the cracks."[3]
We discern no error in the Appellate Division's dismissal of the appeal. Rule 4(a) of the District/Municipal Courts Rules for Appellate Division Appeal (Dist./Mun.Cts.R.App.Div. Appeal) provides that a notice of appeal "shall be filed ... within ten days after the date of the entry of the judgment[4] in the case being appealed." The District Court docket shows that the order denying Hayes's motion for relief from judgment entered on January 14, 2016. The docket also reflects that Hayes filed his notice of appeal on January 26, 2016, two days outside the ten-day window permitted by rule 4(a).[5] See Dist./Mun.Cts.R.App.Div. Appeal 14(a). Thus, the notice of appeal was not timely and the appeal was properly dismissed.[6]
In any event we agree with the Appellate Division that the District Court judge did not abuse his discretion by concluding that Hayes's excuse for his failure to answer Discover's interrogatories-that they "fell through the cracks"-did not constitute an appropriate ground to set aside Hayes's default under either rule 60(b)(1) or Mass.R.Civ.P. 55(c), 365 Mass. 822 (1974). See Johnny's Oil Co. v. Eldayha, 82 Mass. App. Ct. 705, 708-709 (2012). When a party asserts excusable neglect as a basis for relief from judgment, he has the burden of demonstrating "circumstances that are unique or extraordinary[, not] any kind of garden-variety oversight." Ibid., quoting from Feltch v. General Rental Co., 383 Mass. 603, 613-614 (1981). Hayes failed to do so here.
Decision and order of Appellate Division dismissing appeal affirmed.

Hayes also purportedly noticed an appeal to the Appellate Division from the underlying judgment. The Appellate Division concluded that that appeal was untimely and declined to consider it. Hayes does not challenge that conclusion here, and we deem the issue waived.

Hayes's counsel also argued that the judgment itself was infirm because it had been entered without benefit of a contested assessment hearing to establish damages, impliedly (if not explicitly) suggesting that the judgment was void. See Mass.R.Civ.P. 60(b)(4). In light of our conclusion that the appeal was not timely, we need not reach that issue.

There is no dispute here that the ten-day period applied to the appeal from the order denying the motion for relief from judgment.

Even if the ten days began on January 15, 2016, the date written with the margin endorsement denying the motion, the notice of appeal was still filed one day late.

Hayes's reliance on Dist./Mun.Cts.R.App.Div. Appeal 14(c) is misplaced. That rule provides that "[w]henever a party is required or permitted to do an act within a prescribed period after service upon ... him ... by mail, 3 days shall be added to the prescribed period." Here, however, pursuant to Dist./Mun.Cts.R.App.Div. Appeal 4(a), Hayes had ten days from entry of the order denying the motion to file his notice of appeal, not ten days from service upon him of the order. Therefore, rule 14(c) does not apply.