NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1183

ZURICH AMERICAN INSURANCE COMPANY & another[1]

vs.

LM HEAVY CIVIL CONSTRUCTION LLC & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, LM Heavy Civil Construction (LM Heavy) appeals from a judgment entered on May 24, 2023, in the amount of $27,600,584.23 plus interest.  The judgment entered after LM Heavy was defaulted because (1) its counsel withdrew and (2) despite having received a sixty-two day stay of proceedings (and despite having been warned by the court that it would be defaulted if it did not retain counsel), LM Heavy failed to retain successor counsel until after the default had entered. On appeal, LM Heavy argues that the default was entered based

---

[1] Fidelity and Deposit Company of Maryland.

[2] Liberty Mutual Insurance Company; Citizens Bank, N.A; Enterprise Bank and Trust Company; Bank of America, N.A.; and LendingClub Bank, N.A., trustee process defendants.

upon an erroneous procedure, or alternatively, that the judge erred in denying LM Heavy's motions to remove the default. We conclude that LM Heavy's claims of error are without merit, and accordingly affirm.

Background. The plaintiffs, Zurich American Insurance Company (Zurich) and Fidelity and Deposit Company of Maryland, among other things write performance and payment bonds for construction projects. The defendant, LM Heavy, performs construction contracting work, including on major public construction projects. The plaintiffs wrote performance and payment bonds for LM Heavy and, when LM Heavy failed to perform its construction projects, the plaintiffs "arranged to complete the [p]rojects and to pay for labor performed and equipment and materials provided to [LM Heavy]." The plaintiffs then initiated this action in August of 2021 seeking to recoup, pursuant to several general indemnity agreements LM Heavy had executed in favor of Zurich and associated companies, the monies the plaintiffs had spent when they performed under the bonds. The basic causes of action were for breach of contract and indemnity.

LM Heavy retained counsel, answered the complaint, and litigated the matter until November of 2022, when LM Heavy's counsel filed an emergency motion to withdraw, citing in part a "lack of resources available to [LM Heavy]," that LM Heavy had

2

"failed to fulfill its material obligations" to counsel, and a conflict of interest. At counsel for LM Heavy's request, a Superior Court judge then stayed the action for sixty-two days and scheduled a status conference for February 6, 2023. At the February 6 conference, LM Heavy's counsel of record appeared, as did a barrister from the United Kingdom, although the barrister did not attempt to appear as counsel in the case. The judge allowed counsel of record's motion to withdraw, and then explicitly warned LM Heavy that it must retain successor counsel "or risk being defaulted," as a corporation may not proceed pro se.

No successor counsel filed an appearance on February 6, or in the following week. On February 15, 2023, the plaintiffs filed a "Request for Entry of Default" pursuant to Mass. R. Civ. P. 55 (a), 365 Mass. 822 (1974). As contemplated by the rule, this "request" was directed to the clerk of the court, who is empowered by the rule to enter defaults. Id.[3] The plaintiffs' request for default stated, among other things:

> "As of February 6, 2023, [LM Heavy] has no counsel and as a corporation, [LM Heavy] is incapable of self-representing. It is no longer capable of defending itself in this matter and has no appearance in this matter."

_____

[3] Rule 55 (a) states in full: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default."

The plaintiffs did not serve LM Heavy's counsel with the request for default, as LM Heavy had no counsel at the time. The plaintiffs assert, however, (and it is not contested) that they served a copy of the request on the corporation, LM Heavy, through its registered agent for service.

The request for default was endorsed on February 21, and a default entered on the docket on February 23. Notably, the Superior Court judge (not the clerk) endorsed the request: "Allowed. The court shall schedule a Rule 55(b)(2) damages assessment hearing at least six weeks from now." Notice of the entry of default was sent on February 23.

There followed three separate efforts by LM Heavy to remove the default. The first was filed "pro se" on February 28, as LM Heavy still had no counsel; the judge treated the filing -- entitled "LMH's Reply and Affirmative Defenses to Plaintiff's Request for Entry of Default Pursuant to Mass. R. Civ. P. 55 (a)" -- as a motion to remove the default, and denied the motion without prejudice. On March 17, 2023, a successor counsel for LM Heavy finally appeared, and on March 23 successor counsel filed a motion to remove the default, which the judge denied. On April 25, 2023, LM Heavy's counsel filed an opposition to plaintiff's motion for an assessment of damages. Attached thereto was yet another motion to remove default, this time submitted together with an affidavit, as well as proposed

4

amended counterclaims, all of which were filed with the court on May 11.  In the renewed motion to remove default, LM Heavy argued that the court ought to remove the default because LM Heavy had shown "good cause" for removal; LM Heavy argued that its default had not been willful because it had not been dilatory in seeking counsel given the complexity of the case, and that it had meritorious counterclaims and defenses to assert.  See Mass. R. Civ. P. 55 (c), 365 Mass. 822 (1974) ("For good cause shown the court may set aside an entry of default . . .").  LM Heavy also argued that the procedure for obtaining the default was erroneous, because plaintiffs had merely filed a request with the clerk, and had not filed a motion or complied with Superior Court Rules 9A and 9C.

In accordance with Mass. R. Civ. P. 55 (b) (2), as amended, 463 Mass. 1401 (2012), the judge conducted an assessment of damages hearing regarding the default on May 18, 2023.[4] Successor counsel for LM Heavy had notice of the hearing and was present.  Before addressing the plaintiffs' damages, the judge

_____

[4] Rule 55 (b) (2) states in pertinent part: "In all other cases [that is, when a plaintiff's claim is not "for a sum certain or for a sum which can by computation be made certain," Mass. R. Civ. P. 55 (b) (1), as amended, 454 Mass. 1401 (2009)] the party entitled to a judgment by default shall apply to the court therefor . . . .  The court shall not conduct a hearing unless the party entitled to a judgment by default has provided notice to all other parties . . . ."

heard argument on LM Heavy's third (April 25) motion to remove the default.

The judge denied the third motion to remove the default from the bench. The judge then conducted an evidentiary hearing on the plaintiffs' damages, at which two witnesses -- an accountant and one of Zurich's claims representatives -- testified and were examined by counsel for LM Heavy. On the same day, the judge entered two orders: the first explained why the judge denied the motion to remove the default, concluding that "LM Heavy has not met its burden of showing either that it had a good cause for failing to defend itself or that it has meritorious defenses." The second order awarded damages of $27,600,584.23, after discussing the plaintiffs' evidence in some detail. Judgment entered thereafter, and LM Heavy appeals.

Discussion. The first issue is whether the initial entry of default was procedurally defective, and if so, whether the error requires that the default judgment be vacated. In cases such as this, rule 55 establishes a two-step process for the entry of default judgments: (1) the entry of default, which under rule 55 (a) may be entered by the clerk where a defendant fails to "plead or otherwise defend"; and (2) the entry of judgment. Where, as here, the plaintiff's damages are not a "sum certain or . . . a sum which can by computation be made certain," judgment cannot enter until the plaintiff files an

6

appropriate motion, and the judge conducts a hearing as to the plaintiffs' damages, for which the plaintiff must provide notice to the defendant. See Mass. R. Civ. P. 55 (b) (1), as amended, 454 Mass. 1401 (2009), and Mass. R. Civ. P. 55 (b)(2), as amended, 463 Mass. 1401 (2012); J.W. Smith & H.B. Zobel, Rules Practice § 55.5 (2d ed. 2007).

Here, LM Heavy challenges the process employed for the first step, the entry of the default. LM Heavy argued below, and repeats its argument here, that the plaintiffs were required to proceed by motion, and in particular, that they were required to follow Superior Court Rules 9A and 9C. Had those rules applied, the plaintiffs could not have filed a motion for default until they had served their motion on LM Heavy, which would then have had ten days to respond. See Rule 9A (b) of the Rules of the Superior Court (2023). Plaintiffs also would have been required to conference the contemplated motion under rule 9C. See Rule 9C (a) of the Rules of the Superior Court (2023).

We are not persuaded, however, that Rules 9A and 9C apply to a request for default under rule 55 (a). Rules 9A and 9C apply to the filing of "motions" in Superior Court. See Rule 9 of the Rules of the Superior Court (2023) (stating that Rules 9A and 9C, among others, apply to "[a]ll civil motions"). It seems clear, however, that a request under rule 55 (a) is not a motion under the rules of civil procedure, but instead involves a

ministerial matter directed to the clerk, the merit of which the clerk generally can determine from examining the docket. Reporters' Notes to Mass. R. Civ. P. 55 (1973) ("Rule 55 (a) deals solely with entry of default, a formal, ministerial act of the clerk . . ."). The question under rule 55(a) is whether the defendant has failed to plead or otherwise defend; if not, a default "shall" enter. See Mass. R. Civ. P. 55 (a). Moreover, rule 55 has additional procedural protections in cases, as here, where damages must be determined. In such cases there must be notice and likely a hearing before judgment may enter. See Mass. R. Civ. P. 55 (b) (2).

Finally, it is not at all clear how Superior Court Rules 9A and 9C could apply in circumstances where a corporate defendant does not have counsel. The rule 9A process contemplates service on opposing parties, the preparation of an opposition by the opposing party, and then, the preparation of a motion package to be filed with the court. Rule 9C requires a conference regarding the contemplated motion between the moving party and someone properly representing the opposing party. While the motion could perhaps be served on the corporation itself, the remainder of the rules could not be followed where a corporate defendant does not have a lawyer.

In its reply brief in this court, LM Heavy makes a different procedural argument. LM Heavy contends in essence

that rule 55 (a) only applies when a defendant fails to respond at the outset of a case. LM Heavy further contends that once a defendant has appeared and defended, rule 55 (a) can no longer apply, such that even if a corporate defendant subsequently has no counsel, or if (for example) a defendant fails to appear for trial, the plaintiff and the court cannot default the defendant under rule 55 (a) and instead must employ an alternative process to conclude the case.[5]

This argument was not made to the Superior Court judge, and accordingly, it is waived. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006), quoting Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989) ("An issue not raised or argued below may not be argued for the first time on appeal"). Indeed, the argument was not made to this court until LM Heavy's reply brief, rendering it doubly procedurally defective. See Commonwealth v. Rogers, 494 Mass. 629, 645 n.10 (2024), quoting Assessors of Boston v. Ogden Suffolk Downs, Inc., 398 Mass. 604, 608 n.3 (1986) ("Any issue raised for the first time in an

---

[5] LM Heavy does not suggest alternative processes other than filing a motion for default with the judge, as opposed to a request for default with the clerk. Another possible mechanism would be a motion for summary judgment under Mass. R. Civ. P. 56, 365 Mass. 824 (1974), to which an unrepresented corporate defendant would be unable to respond. We express no view on the propriety of alternative mechanisms to secure a judgment.

appellant's reply brief comes too late, and we do not consider it").

We note, however, that the question of how rule 55 (a) applies to a failure to defend during the middle of a case is one that bears scrutiny, when the appropriate case arises. There are some authorities that hold that rule 55 (a) cannot be employed where a defendant initially appeared and defended. These authorities adopt the position that the language "fail[s] to . . . otherwise defend" refers to motions that may be filed at the outset of a case (i.e. rule 12 motions), and does not embrace circumstances where a defendant ceases to defend as the case progresses. See Bass v. Hoagland, 172 F.2d 205, 210 (5th Cir. 1949), cert. denied, 388 U.S. 816 (1949); cf. Curly Customs, Inc. v. Pioneer Fin., 62 Mass. App. Ct. 92, 99 (2004) ("The words 'otherwise defend' refer to filings such as a motion to dismiss that defer the requirement to plead to the claim for relief"). Other authorities are in direct conflict, holding instead that rule 55 (a) applies, for example, where as here a corporate defendant no longer has counsel, and thus can no longer defend. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 917-919 (3rd Cir. 1992), abrogated on other grounds by Morgan v. Sundance, Inc., 596 U.S. 411 (2022). See also Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1306-1307, 1310 (2nd Cir. 1991) (affirming default judgment under Federal Rule 55(a)

where defendant, a partnership, had been without counsel for twenty-five weeks, and disregarded trial court's order to appear through counsel). In any event, we do not resolve the conflict today, as the issue was not properly presented. Had the issue been presented below, the Superior Court judge would have had the opportunity to consider the authorities and perhaps to adopt a different process for addressing LM Heavy's lengthy failure to defend. Under these circumstances, we will not vacate the judgment on procedural grounds.

Nor did the judge err in exercising his discretion to refuse to remove the default. In seeking to remove the default, LM Heavy had the burden to show "good cause" -- that is, that it had a good reason for failing to defend and also that it had "meritorious defenses." Johnny's Oil Co. v. Eldayha, 82 Mass. App. Ct. 705, 708 (2012). The trial judge has discretion to deny a motion to remove a default, and we review a judge's decision to do so for abuse of discretion. Id. Here, LM Heavy's showing was not compelling as to either prong of the test. As to a good reason for failing to defend, LM argues that it "lacked counsel for only a short period of time" -- thirty-nine days, from February 6 (when the motion to withdraw was granted), until March 17, when successor counsel entered an appearance. Furthermore, LM Heavy argues that it was only

11

warned of the risk of being defaulted fifteen days before entry of default.

This argument paints an incomplete picture of the operative facts. Rather than fifteen or thirty-nine days, LM Heavy was effectively without counsel for nearly four months -- from late November 2022 until mid-March 2023. This lack of counsel burdened the plaintiffs and the court, as the matter was stayed, and thus not progressing at all, for this entire time.

LM Heavy was also explicitly warned that a failure to secure counsel could result in default. It was within the court's discretion to conclude that LM Heavy did not act conscientiously, and thus did not show a good reason for failing to defend, when as a corporate defendant in litigation it had no counsel for nearly four months.

Moreover, LM Heavy also failed to satisfy the second prong of the test, as it failed to show that it could present meritorious defenses if the default was removed. In moving to set aside a default, a defendant must accompany its motion with an affidavit setting forth the facts and circumstances upon which the motion rests, including the nature of its meritorious defense. See New England Allbank for Sav. v. Rouleau, 28 Mass. App. Ct. 135, 140 (1989). The only evidence that LM Heavy submitted with its various motions to remove the default was an affidavit of LM Heavy's CEO. The affidavit made only conclusory

12

statements that LM Heavy had meritorious defenses, which were essentially unsupported by any evidence. The only statement within the affidavit related to LM Heavy's defenses is that "[LM Heavy] has meritorious defenses to the Plaintiffs['] claim and a meritorious counterclaim, as is set forth in the company's answer and counterclaim filed as Docket Entry 22." The judge did not abuse his discretion in finding that this was insufficient evidence for LM Heavy to meet its burden at this stage. The allegations in the proposed answer and counterclaim are not evidentiary, and attaching documents, the significance of which is not explained by any witness through affidavit or otherwise, adds nothing substantial to the calculus. See Rouleau, 28 Mass. App. Ct. at 140, 142-143 (holding that defendants failed to make the requisite showing as to meritorious defenses, so as to be relieved from a default judgment, where defendants only proffered answer, counterclaims, and affidavit attesting to their truth).

Judgment affirmed.

By the Court (Sacks, Englander & Grant, JJ.[6]),

Clerk

Entered: November 7, 2024.

---

[6] The panelists are listed in order of seniority.

13