NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-950

NEEDHAM BANK

vs.

ROSEMARY STREET NEEDHAM, LLC, & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Needham Bank, filed a complaint in the Superior Court against the defendants, Rosemary Street Needham, LLC, Stuart Roffman, and Sovereign Real Estate Associates, LLC, seeking damages after the defendants defaulted on a loan granted by the plaintiff.  After defendant Roffman succeeded in vacating a default that entered against him in this action, alleging the complaint was served to an out of date address (Wellington address), the plaintiff served the defendants at the address Roffman provided to the Superior Court in his motion and affidavit to remove the default (West Palm Beach address).  The defendants again defaulted, and Roffman's second motion to

---

[1] Stuart Roffman and Sovereign Real Estate Associates, LLC.

vacate the default was denied, as was his subsequent motion to reconsider. Following a damages assessment hearing, judgment entered in favor of the plaintiff, awarding $414,072 in damages, plus continuing interest and costs, and $21,912.70 in attorney's fees and costs. On appeal, Roffman argues the plaintiff's second attempt at service was improper.[2] We affirm.

Discussion. 1. Motion to vacate default. Much like in his second motion to vacate the default, Roffman argues that after the first default was vacated, the plaintiff's service was improper. Specifically, Roffman argues that the plaintiff improperly served process at the West Palm Beach address because he does not reside there.

In denying Roffman's second motion to remove default judgment, the judge determined that the plaintiff's method of service was sufficient because service of the summons and complaint was made by certified mail to Roffman's "last and usual place of abode." The judge also found it significant that Roffman did not allege that he failed to receive the summons and

---

[2] In his appellate brief, Roffman poses the question presented by this appeal as, "Did the Superior Court lack jurisdiction over the Appellant because service of the Summons and Complaint was defective?" Roffman does not mention personal jurisdiction again. Such a contention does not sufficiently dispute personal jurisdiction to rise to the level of appellate argument and will not be reviewed by this court. See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019).

complaint that the plaintiff had served to the West Palm Beach address. "We review the denial of a motion for removal of default pursuant to rule 55 (c), 365 Mass. 822 (1974), for an abuse of discretion." Ceruolo v. Garcia, 92 Mass. App. Ct. 185, 188 (2017).

We discern no abuse of discretion here. As noted by the judge, "[w]hen any statute or law of the Commonwealth authorizes service of process outside the Commonwealth," service may be made in accordance with any manner prescribed in Mass. R. Civ. P. 4 (d), as amended, 370 Mass. 918 (1976). Mass. R. Civ. P. 4 (e), 365 Mass. 733 (1974). Under rule 4 (d) (1), service may be made within the Commonwealth "by leaving copies thereof at [the defendant's] last and usual place of abode." In this case, the plaintiff served process by certified mail to the West Palm Beach address, which Roffman had provided to the Superior Court in his motion to remove the first default. In Roffman's affidavit accompanying his motion, he denied residing at the Wellington address at the time, where the plaintiff first attempted to serve process, and represented the West Palm Beach address below his signature. Given this context, the plaintiff was entitled to rely on the address represented by Roffman to the court. See Bird v. Ross, 393 Mass. 789, 791 (1985) (service sufficient where plaintiff made service to mailing address provided by defendant). Thus, because service was proper,

3

Roffman failed to show "good cause" required by Mass. R. Civ. P. 55 (c) to vacate the default judgment. See Johnny's Oil Co. v. Eldayha, 82 Mass. App. Ct. 705, 708 (2012) ("'Good cause' requires a showing by affidavit that the defendant had a good reason for failing to plead or defend in a timely manner and had meritorious defenses").

2. Fees. The plaintiff requests that it be awarded double costs in association with this appeal. In our discretion and, under Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019), and G. L. c. 211A, § 15, this court may award double costs and fees "when the appeal is frivolous, immaterial, or intended for delay." Avery v. Steele, 414 Mass. 450, 455 (1993).

We agree that Roffman's appeal is frivolous, and accordingly, allow the plaintiff's request for double costs. See Mass. R. A. P. 25. See also Avery, 414 Mass. at 455 ("An appeal is frivolous [w]hen the law is well settled . . . [and] there can be no reasonable expectation of a reversal . . . . The determination whether an appeal is frivolous is left to the

sound discretion of the appellate court" [quotation and citations omitted]).

Judgment affirmed.

By the Court (Ditkoff,
Singh & Smyth, JJ.[3]),

Clerk

Entered:  December 18, 2025.

---

[3] The panelists are listed in order of seniority.