CAROLE J. ZANIBONI *vs.* MASSACHUSETTS TRIAL COURT. June 17, 2013. *Practice, Civil,* Report, Judgment notwithstanding verdict, New trial.

The plaintiff, Carole J. Zaniboni, commenced this action in 2001, alleging that the defendant, the Massachusetts Trial Court (Trial Court), had not selected her for two different promotions in her department based on her age, in violation of G. L. c. 151B. In November, 2006, after a Superior Court jury found in her favor with respect to one of the two positions, the trial judge denied the Trial Court's motion for judgment notwithstanding the verdict (judgment n.o.v.) but granted its alternative motion for a new trial. The parties filed cross appeals — Zaniboni from the allowance of the Trial Court's motion for a new trial and the Trial Court from the denial of its motion for judgment n.o.v. The record was assembled (after some delay), and the case was entered in the Appeals Court in June, 2010. Because the judge had granted the motion for a new trial, the appeal was premature; the record should not have been assembled, and the case should not have proceeded to an appellate court. See, e.g., *Okongwu* v. *Stephens*, 396 Mass. 724, 728-729 & n.7 (1986). See also J.W. Smith & H.B. Zobel, Rules Practice § 50.18, at 156-157 (2d ed. 2006).

At oral argument in March, 2011, a panel of the Appeals Court questioned the parties about the propriety of the appeal. Recognizing that the appeal was premature, the court issued an order after the argument stating, in relevant part, that "[t]he only remedy currently available to the parties for prosecution of an appeal of this interlocutory order is by means of a reported question. Mass. R. Civ. P. 64 (a), 365 Mass. 831 (1974)." The court also noted that it did "not suggest that the report of a question is or is not appropriate. The decision to report any question is, of course, committed to the sound discretion of the judge."[1] The court stayed the appeal for thirty days "to permit the

---

[1] The Appeals Court panel initially explored with counsel at oral argument the possibility of having the parties apply to a single justice of that court for an order authorizing an interlocutory appeal. The panel subsequently recognized that the short statutory window (not extendable by a court) for filing a petition pursuant to G. L. c. 231, § 118, first par., eliminated this option. Had the parties wanted interlocutory appellate review of the trial judge's postjudgment rulings, they were required to file a petition under § 118, first par., seeking leave to pursue an interlocutory appeal, within thirty days of the rulings, a date that had long since passed by March of 2011.

parties to proceed, as they may choose, in Superior Court to seek rule 64(a) relief."

The parties returned to the Superior Court where they filed a "joint motion to report [the] case for determination to the Massachusetts Appeals Court." A Superior Court judge other than the trial judge allowed the motion.[2] Based on that, a new appeal was thereafter entered in the Appeals Court in June, 2011. That appeal was consolidated with the first appeal, and the case proceeded to a second oral argument. The Appeals Court ultimately reversed the denial of the motion for judgment n.o.v. and vacated the order allowing the motion for a new trial. See *Zaniboni* v. *Massachusetts Trial Court*, 81 Mass. App. Ct. 216, 222 (2012).[3] We then granted Zaniboni's application for further appellate review.

As our first order of business, we consider whether a report pursuant to Mass. R. Civ. P. 64 (a) in these circumstances was proper. Rule 64 (a) provides, in relevant part, that "[i]f the trial court is of opinion that an interlocutory finding or order made by it so affects the merits of the controversy that the matter ought to be determined by the appeals court before any further proceedings in the trial court, it may report such matter." If the report does not satisfy this criterion, we may discharge it without considering the underlying merits of the appeal. See, e.g., *Globe Newspaper Co.* v. *Massachusetts Bay Transp. Auth. Retirement Bd.*, 412 Mass. 770, 772-773 (1992) (discharging report and remanding case to Superior Court for further proceedings without addressing merits); *Cusic* v. *Commonwealth*, 412 Mass. 291, 293 (1992) (same).

In their joint motion to report the case, the parties stated that they were asking the court to report the case so that the parties might "complete an appeal pending since 2006." They argued, in essence, that, because the record had been (improperly) assembled and the issues briefed, and because they were prepared for oral argument on the merits when the Appeals Court first raised the issue of the propriety of the appeal, reporting the case was in the interests of justice, judicial economy, expediency, and the reduction of expenses. In other words, they sought the report as a means to fix their defective appeal. Rule 64 was not meant for, and should not be used for, this purpose. Regardless, even on the merits, we think it is questionable whether the postjudgment rulings in this case necessitated a report, as they do not present issues of such a serious nature as to overcome the appellate courts' reluctance to engage in piecemeal appellate review. See *John Gilbert, Jr., Co.* v. *C.M. Fauci Co.*, 309 Mass. 271, 273 (1941). See also *Transamerica Ins. Group* v. *Turner Constr. Co.*, 33 Mass. App. Ct. 446, 447 n.2 (1992). These rulings were the type of standard, intensely fact-specific rulings that often arise in cases such as this. They are reviewable and, if necessary, correctable in an appeal after a final judgment.

Although we have sometimes " 'been willing to express our views' on matters . . . not strictly before us" in cases where we have found it necessary to

---

[2]By that time, the trial judge had retired. The motion judge did not issue a separate report, as envisioned by rule 64 and as typically occurs. She simply indorsed the motion as "allowed."

[3]In a footnote, the court stated that it had "rejected an earlier appeal, as it was an interlocutory appeal not permitted by G. L. c. 231, § 118, first par. Subsequently, a judge in the Superior Court allowed the parties' joint motion to report the case." *Zaniboni* v. *Massachusetts Trial Court*, 81 Mass. App. Ct. 216, 217 n.1 (2012).

discharge a report, *Heck* v. *Commonwealth*, 397 Mass. 336, 339 (1986), quoting *Brown* v. *Guerrier*, 390 Mass. 631, 632 (1983), we decline to do so here. The parties had no reason to expect that an appellate court would consider their obviously improper interlocutory "appeal." The report is discharged, and the case is remanded to the Superior Court for further proceedings.

*So ordered.*

*Paul R. Chomko* (*Donald J. Bertrand* with him) for the plaintiff.
*Daniel G. Cromack*, Assistant Attorney General, for the defendant.