NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

17-P-4                                          Appeals Court

INSTITUTION FOR SAVINGS IN NEWBURYPORT AND ITS VICINITY  vs.
MATTHEW LANGIS & another.[1]


No. 17-P-4.

Essex.     November 6, 2017. - February 27, 2018.

Present:  Kinder, Desmond, & Sacks, JJ.


Judgment, Default, Relief from judgment.  Practice, Civil,
     Default, Relief from judgment.



     Civil action commenced in the Superior Court Department on
December 19, 2014.

     A motion for relief from judgment, filed on February 26,
2016, was heard by Elizabeth M. Fahey.


     Eric P. Magnuson (Joseph T. Toomey also present) for the
plaintiff.
     Kevin J. O'Connor for Infinex Investments, Inc.


     SACKS, J.  This appeal raises a question regarding the

procedure to be followed when a plaintiff files a properly

supported application for default judgment for failure to serve

interrogatory answers under Mass.R.Civ.P. 33(a)(4), as appearing

_____

     [1] Infinex Investments, Inc.

in 436 Mass. 1401 (2002), but no final judgment can enter because damages have not yet been determined. The question is whether a defendant seeking relief from the initial action on such an application must satisfy the "excusable neglect" standard under Mass.R.Civ.P. 60(b)(1), 365 Mass. 828 (1974), requiring "unique or extraordinary" circumstances, Feltch v. General Rental Co., 383 Mass. 603, 614 (1981) (quotation omitted), or merely the less demanding "good cause" standard for removal of a default under Mass.R.Civ.P. 55(c), 365 Mass. 822 (1974), i.e., "a good reason for failing to . . . defend in a timely manner and . . . meritorious defenses." Johnny's Oil Co. v. Eldayha, 82 Mass. App. Ct. 705, 708 (2012). Our prior decisions strongly suggest, and we now determine, that rule 55(c)'s good cause standard governs.

Background. The case arises out of a complaint filed in the Superior Court involving a commercial dispute. On December 18, 2015, after the defendant Infinex Investments, Inc. (Infinex), missed a previously extended deadline for serving interrogatory answers on the plaintiff, Institution for Savings in Newburyport and its Vicinity (IFS), IFS served a final request for answers pursuant to rule 33(a)(3). On January 28, 2016 -- the day after Infinex's final rule 33(a)(4) deadline for serving such answers expired -- IFS filed a properly supported "application for default judgment," pursuant to Mass.R.Civ.P.

33(a)(6), as appearing in 454 Mass. 1404 (2009), which included a request for a hearing on damages, pursuant to Mass.R.Civ.P. 55(b)(2), as amended, 463 Mass. 1401 (2012). IFS's application and accompanying affidavit stated that, under "governing case law,"[2] it initially sought only the "entry of default," with no actual judgment to enter until after the requested hearing on damages.

Simultaneously with its application for default judgment, IFS filed a separate "application for entry of default" pursuant to rules 33(a)(4), 33(a)(6), and Mass.R.Civ.P. 55(a), 365 Mass. 822 (1974). Attached to this latter application was a proposed form of "notice of entry of default under rule 55(a)," which included the statement that a default was entered and that "[j]udgment for the amount and costs due will be entered . . . by the [c]ourt after assessment under [r]ule 55(b)(2), unless the default is earlier set aside by the [c]ourt for cause shown under [r]ule 55(c)."

Nevertheless, on January 28, 2016 (the same day IFS filed both applications), the clerk proceeded to enter a "judgment"[3] "on liability only," stating that IFS was required to move for

---

[2] The application cited Buffum v. Rockport, 36 Mass. App. Ct. 377 (1994), a case we discuss infra.

[3] "As is suggested by the quotation marks, this 'judgment' was not a true judgment," because damages had not yet been determined. Buffum, 36 Mass. App. Ct. at 379 n.2. See Kenney v. Rust, 17 Mass. App. Ct. 699, 701-702 & n.5 (1984).

an assessment of damages. On February 1, Infinex served its interrogatory answers. For reasons not shown in the record, IFS's separate application for entry of default was not docketed until February 2. On February 9, Infinex filed a notice of intent to file a motion for relief from judgment. On February 10, a judge allowed IFS's separate application for entry of default and ordered "default to enter."[4]

On February 26, Infinex filed its motion for relief from judgment, pursuant to rule 60(b)(1), asserting that the failure to answer the interrogatories was due to excusable neglect. After extensive briefing supported by multiple affidavits, a second judge (the judge)[5] determined that Infinex had shown excusable neglect. The judge relied primarily on the combination of Infinex counsel's particularly intense workload (he had spent most of the month before the interrogatory answers' final due date traveling, in order to complete discovery in another document-intensive case in which he had recently been hired as lead counsel); counsel's illness during part of the time the interrogatories were outstanding; and counsel's calendaring mistake (he had calculated the final day for serving the interrogatory answers as February 1, rather than

---

[4] The record reflects no further action by the parties or the court explicitly addressing this default.

[5] A different judge had earlier allowed IFS's application for entry of a default.

January 27).[6]  The judge also ruled that all six factors listed in Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979), weighed in favor of granting relief for excusable neglect.[7]  She therefore allowed Infinex's motion for relief from judgment.

IFS filed a petition under G. L. c. 231, § 118, first par., seeking relief from the judge's decision, or in the alternative, leave to pursue an interlocutory appeal; the petition was denied by a single justice of this court.  The parties then filed a stipulation of dismissal with prejudice of IFS's action against

---

[6] Counsel's affidavit averred that he not only miscalculated by several days the deadline for serving interrogatory answers under IFS's application for final judgment, but -- due primarily to spending most of the month before that deadline traveling to work on the other case -- he did not "revisit [his] calculation of [the] interrogatory answer deadline, as is normally [his] practice."

[7] The factors detailed in Berube, 7 Mass. App. Ct. at 430-431, are:

"(1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during, or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party's legal representative, rather than to the party himself."

both defendants,[8] subject only to IFS's right to appeal the judge's decision on the motion (and the defendants' right to seek attorney's fees).  IFS then filed this appeal.

Discussion.  1.  Propriety of the appeal.  An order allowing a motion for relief from judgment or to vacate a default judgment is an interlocutory order from which there is no appeal as of right.  See Chavoor v. Lewis, 383 Mass. 801, 807 (1981).  Ordinarily, review of such an order may be had only as permitted by a single justice of this court, see Tai v. Boston, 45 Mass. App. Ct. 220, 220 (1998), as was attempted here, or by report by the trial court judge, pursuant to Mass.R.Civ.P. 64(a), as amended, 423 Mass. 1403 (1996).  Those procedures incorporate a judicial gatekeeping role that is essential in light of "the principle that piecemeal appellate review is strongly disfavored."  McMenimen v. Passatempo, 452 Mass. 178, 193 (2008).

Here, it appears that IFS has attempted to obtain review of the interlocutory order, in the absence of judicial approval, by stipulating to the dismissal of the underlying action, but reserving its right to appeal from the order.  Accepting such a

---

[8] During briefing on the motion, IFS acknowledged that liability had been established only as to Infinex, not the defendant Matthew Langis.  IFS's stipulation of dismissal nevertheless encompassed its claims against Langis as well as Infinex, presumably to ensure that no claims remained pending that would preclude IFS from attempting to take an immediate appeal as of right.  Langis has not participated in this appeal.

stipulation as a means of obtaining temporary "finality" to permit an interlocutory appeal would effectively undermine the judicial gatekeeper function intended to limit such appeals.[9]  We caution against any future attempts to obtain review in this fashion.  However, because the matter has been fully briefed, we put aside our doubts and exercise our discretion to address the merits in order to clarify a recurring question arising out of rule 33(a) applications.

2.  Merits.  a.  Rules 55(c) and 60(b)(1).  Based on our precedents, we determine that Infinex's motion should not have been considered under the "more stringent" rule 60(b)(1) excusable neglect standard in the first place, but instead as a motion under rule 55(c) to remove a default for good cause.[10]

---

[9] We also note that the effect of the stipulation of dismissal with prejudice of the underlying action, notwithstanding the attempt to preserve IFS's appellate rights, may well have been to render this appeal moot.  However, neither party has raised this issue, and we are reluctant, in the absence of argument, to dismiss the appeal on this basis.

[10] In fairness to the judge, we note that Infinex was steered in the rule 60(b) direction by the clerk's use of a Superior Court form entitled "Judgment on Liability Only [under] Mass.R.Civ.P. 33(a)."  Although IFS's application for default judgment made clear that it sought no entry of judgment until after its requested hearing on damages, and IFS simultaneously filed an application for a simple default under rule 55(a), which was later allowed, the clerk's use of the "Judgment on Liability Only" form doubtless influenced Infinex's decision to seek relief under rule 60(b)(1) rather than rule 55(c).  IFS did not help matters any when, in opposing Infinex's motion, it failed to cite the adverse decision in Buffum, 36 Mass. App. Ct. 377 -- which it had previously described as "governing case

We observed in Kenney v. Rust, 17 Mass. App. Ct. 699, 701-702 & n.5 (1984), that, despite the entry of "judgments" on liability under rule 33(a) for the defendants' failure to answer interrogatories, "there is of course a distinction between the entry of a default and a default judgment."  We interpreted rule 33(a) as "explicit that such a disregard of [its] procedures 'shall' result in a default, and Mass.R.Civ.P. 55(c) requires that 'good cause' be shown before a party may be relieved of the default."  Id. at 703-704.  The defendants in Kenney had moved to vacate the defaults under rule 55(c); we reviewed the denial of that motion for abuse of discretion and determined that there was no such abuse.[11]  Id. at 702-704.

As subsequently explained in Buffum v. Rockport, 36 Mass. App. Ct. 377, 379 n.2 (1994), when a plaintiff properly files an application for entry of "final judgment for relief" under what is now Mass.R.Civ.P. 33(a)(4),[12] but damages cannot be determined

---

law," see note 2, supra -- and instead only obliquely mentioned rule 55(c) in a footnote citing two decisions under our rule 1:28.  Similarly, IFS's opening and reply briefs on appeal made no mention of Buffum or rule 55(c).

[11] IFS cites Roberson v. Boston, 19 Mass. App. Ct. 595 (1985), decided a year after Kenney, as authority for its argument that rule 60(b), not rule 55(c), governs.  But in Roberson, the court did not discuss the applicability of rule 55(c), see id. at 596-598, and the case was decided before Buffum.

[12] At the time Buffum was decided, the procedure for applying for judgment based on failure to answer interrogatories

without a further hearing, no "true judgment" can enter before that determination is made. "It is therefore anomalous to read rules 33(a) and 55 to call for the entry of an interlocutory 'judgment' of liability such as the one entered in this case: the rules should be read to provide for entry of judgment only after damages have been determined." Ibid. Until that time, rule 60(b), by its terms applicable to final judgments,[13] does not provide an avenue for a defendant to seek relief.

In such a situation, a defendant is effectively in default.[14] See Buffum, 36 Mass. App. Ct. at 379 n.2. Therefore, as stated in Buffum:

> "[J]udges presented with default situations should apply the correct standard in deciding whether to set aside the default under Mass.R.Civ.P. 55(c), . . . which provides

---

was set forth in the third unnumbered paragraph of rule 33(a), as amended, 368 Mass. 906 (1976). See Buffum, 36 Mass. App. Ct. at 378-379. A 2002 amendment to the rule revised the procedure and moved it to a fourth, numbered paragraph, rule 33(a)(4). See 436 Mass. 1401 (2002).

[13] "Interlocutory judgments thus do not fall within Rule 60(b)." Reporter's Notes to Rule 60, Massachusetts Rules of Court, Rules of Civil Procedure, at 90 (Thomson Reuters 2017).

[14] Upon receipt of the application for final judgment and required accompanying documents, the clerk is not required to enter an immediate judgment; rather, rule 33(a)(6) provides that "the clerk shall enter an appropriate judgment, subject to the provisions of Rules 54(b), 54(c), 55(b)(1), 55(b)(2) (final sentence), 55(b)(4) and 55(c)" (emphasis added). Rule 55(b)(2), final sentence, provides for a hearing where necessary to determine damages before entering judgment, and rule 55(c), as discussed, allows a default prior to judgment to be set aside for good cause. See Ceruolo v. Garcia, 92 Mass. App. Ct. 185, 188 (2017).

> that '[f]or good cause shown the court may set aside an entry of default and, if a judgment has entered, may likewise set it aside in accordance with Rule 60(b).' Prior to ascertaining damages, 'the more stringent standards' of rule 60(b) for setting aside a default judgment are not applicable.  See MPV[, Inc.] v. Department of Rev., 26 Mass. App. Ct. 932, 932-933 (1988)."

Ibid.  In Buffum, we stated the question presented as whether the defendant's "motion to vacate the default 'judgment' (the action that established liability [but not damages]) was properly denied."  Id. at 380.  On the record before us, we observed that defendant's counsel's unexplained laxity regarding the interrogatory answers "justified discretionary denial of relief under either rule 55(c) (the 'good cause' standard) or rule 60(b)."  Id. at 381.  But, although what was originally entered in the trial court had been labeled a "judgment," id. at 379, we ultimately reviewed the judge's ruling as one under rule 55(c), rather than rule 60(b), and held that "the judge did not abuse his discretion in refusing to set aside the default" (emphasis added).  Id. at 381.

We acknowledge that the subsequent decision in Broome v. Broome, 40 Mass. App. Ct. 148 (1996), was less definitive about the matter.  In Broome, a plaintiff obtained a "default judgment[] . . . on liability" pursuant to rule 33(a), the defendant's rule 60(b)(1) motion for relief from that judgment was denied, damages were determined, a "final judgment" entered, and the defendant appealed.  Id. at 150-151.  Our decision,

citing Buffum, observed that the characterization of the rule 33(a) liability determination as a "final judgment" "may not be correct," and that the defendant's motion for relief "may have implicated the 'good cause' standard of Mass.R.Civ.P. 55(c)." Id. at 152.  The decision did not resolve that issue,[15] the court instead concluding, on the particular facts of that case, that "the entry of a final judgment of default constitute[d] an abuse of discretion, whether reviewed under the rule 55(c) or the rule 60(b) standard."  Ibid.  But the court in Broome did not disapprove the approach taken in Buffum, which reviewed the action on a motion under rule 60(b) as if taken under rule 55(c)'s provision for setting aside a default.

In the case now before us, the parties briefed and argued the matter as if governed by rule 60(b); we raised the applicability of rule 55(c) at oral argument and invited postargument briefs.  Although IFS's response argues that applying rule 55(c) in these circumstances would create asymmetries between the procedures applicable to plaintiffs and defendants,[16] we believe that such asymmetries, if deemed

_____

[15] The record of that case indicates that the parties did not brief the applicability of rule 55(c); evidently, the issue was raised sua sponte by the court.

[16] IFS observes that when a plaintiff has failed to respond to interrogatories, and a defendant then files a properly supported rule 33(a) application for final judgment, the rule envisions the entry of a "final judgment . . . [of] dismissal"

problematic, are better addressed in future cases involving the situations posited by IFS, or by amending the rules of civil procedure, than by stretching the current language of rule 60(b) to govern relief from orders that plainly are not final judgments.  We hold that rule 55(c)'s good cause standard governs.

b.  <u>Allowance of relief in this case</u>.  Although the judge here allowed relief under rule 60(b)(1), we see no need for a remand, as it is obvious that she would also have allowed relief under rule 55(c)'s good cause standard, which is "less stringent."  <u>Ceruolo</u> v. <u>Garcia</u>, 92 Mass. App. Ct. 185, 188 (2017).  See <u>Broome</u>, 40 Mass. App. Ct. at 152.  Such a decision would have been within her discretion.  See <u>Johnny's Oil Co</u>., 82 Mass. App. Ct. at 708 (rule 55[c] good cause determinations are reviewed for abuse of discretion).

---

without any need to await a hearing on damages.  See Mass.R.Civ.P. 33(a)(3), (4).  The plaintiff's only avenue of relief from such a judgment of dismissal would be under rule 60(b), whereas a <u>defendant</u> in Infinex's situation would, under <u>Buffum</u>, have only been defaulted and would thus be able to seek relief under the less stringent good cause standard of rule 55(c), at least until such time as damages were determined under rule 55(b)(2) and a final judgment entered.  Similarly, IFS notes, when a plaintiff files a proper rule 33(a) application against a defendant and the plaintiff's damages are for a sum certain or ascertainable under rule 55(b)(1), rule 33(a) appears to require the entry of a default judgment for that amount, leaving rule 60(b) as the defendant's only avenue of relief -- again in contrast to a defendant, like Infinex here, against which damages must be, but have not yet been, determined under rule 55(b)(2).

"'Good cause' requires a showing by affidavit that the defendant had a good reason for failing to plead or defend in a timely manner and had meritorious defenses." Ibid. Other factors typically considered are whether the default was wilful, whether setting it aside would prejudice the adversary, and the defaulted party's promptness in seeking relief. See Ceruolo, 92 Mass. App. Ct. at 189.

The judge here addressed all of these factors, albeit under the Berube rubric, see note 7, supra, and found that they all weighed in favor of granting relief.[17] And her decision to use her discretion to "resolve the underlying case on its merits rather than procedure" accords with the established principle that, under rule 55(c), "any doubt should be resolved in favor of setting aside defaults so that cases may be decided on their merits." Ceruolo, 92 Mass. App. Ct. at 189, quoting from Reporter's Notes to Rule 55, Massachusetts Rules of Court, Rules of Civil Procedure, at 84 (Thomson Reuters 2017). In light of

---

[17] With respect to prejudice, we note that before filing its rule 60(b)(1) motion, Infinex asked IFS to assent to such relief, offering in return to pay IFS's costs and fees incurred in preparing the application for default judgment, but IFS declined the offer. We also observe that IFS, prior to filing the application, did not move for an order compelling Infinex to serve responses. Noncompliance with such an order would have authorized a range of sanctions (including costs and attorney's fees) under Mass.R.Civ.P. 37(b), as amended, 423 Mass. 1406 (1996), more tailored to any actual prejudice to IFS, and thus more likely than default to be both imposed and ultimately enforced.

the foregoing, we cannot say that the judge abused her discretion in granting relief.  That is, she made no "clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives."  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (quotation omitted).

Conclusion.  The order allowing Infinex's "motion for relief from judgment" is affirmed.

So ordered.