NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

22-P-174                                          Appeals Court

PAUL E. LINDER  vs.  BRUCE S. POLLAK.

No. 22-P-174.

Suffolk.     January 12, 2023. – March 9, 2023.

Present:  Ditkoff, Singh, & Grant, JJ.

Appeals Court, Jurisdiction.  Practice, Civil, Default, Answer,
     Review of interlocutory action.  Loan.


     Civil action commenced in the Superior Court Department on
April 10, 2018.

     A motion to vacate a default was heard by Anthony M. Campo,
J.


     Norman J. Kaplan for the plaintiff.
     Mark Ellis O'Brien, for the defendant, submitted a brief.


     DITKOFF, J.  The defendant, Bruce S. Pollak, requested and

received an extension of time to respond to a lawsuit against

him, but failed to file an answer or motion to dismiss.  A

default entered against him, and he unsuccessfully moved to set

aside that default.  No assessment of damages has occurred, nor

has a default judgment entered.  The defendant now appeals from

the denial of his motion to set aside the default.  Concluding that, in the absence of a default judgment, the denial of a motion to set aside a default is not an appealable final judgment, we dismiss the appeal for want of jurisdiction.

1.  Background.[1]  On April 22, 2015, the defendant called the plaintiff requesting a $125,000 short-term loan.  He claimed that he needed the money only until he received a forthcoming, large legal settlement.  As a further inducement, the defendant offered the plaintiff a ten percent share of an alleged real estate development in Jamaica.  The parties agreed that the defendant would repay the loan in full within three months at twelve percent interest per year.  The plaintiff provided the defendant with a check in the amount of $125,000, and the defendant deposited the check that same day.  Over the next approximately three years, the defendant repaid only $13,225 and paid the plaintiff nothing for his investment in the real estate development.

On April 10, 2018, the plaintiff filed a complaint seeking damages and alleging breach of contract, fraud, conversion, and a violation of G. L. c. 93A, § 11, based on the defendant's

---

[1] We take the underlying facts largely from the complaint. Unless the default is set aside, the defendant's failure to answer the complaint acts as an admission of the truth of these facts.  See Mass. R. Civ. P. 8 (d), 365 Mass. 749 (1974); Christakis v. Jeanne D'Arc Credit Union, 471 Mass. 365, 372, cert. denied, 577 U.S. 923 (2015).

failure to repay the full amount of the loan and misrepresentations regarding the existence of the forthcoming settlement and the defendant's involvement in the Jamaica real estate development project. Based on the alleged G. L. c. 93A, § 11, violation, the plaintiff sought $335,325 in treble damages, plus interest and costs.

On June 7, 2018, the defendant accepted in-hand service of the summons and complaint.[2] On June 29, 2018, the defendant requested a thirty-day extension "to obtain counsel and answer Complaint, and/or work out a settlement with the Plaintiff." The judge granted the extension until July 31, 2018, but the defendant never filed a response.

On August 28, 2018, the plaintiff requested that a default enter against the defendant pursuant to Mass. R. Civ. P. 55 (a), 365 Mass. 822 (1974). Shortly thereafter, a default entered.[3] The defendant then filed a motion requesting additional time to respond to the entry of default. The judge allowed the motion,

---

[2] On this date, the defendant was also served with interrogatories, document production requests, and requests for admissions. There is no indication that the defendant filed an answer to the plaintiff's complaint or responded to the interrogatories, document production requests, or requests for admissions.

[3] The defendant does not claim a lack of notice. See Curly Customs, Inc. v. Pioneer Fin., 62 Mass. App. Ct. 92, 99 (2004) ("For a default to enter, service of process is a prerequisite").

granting an extension until October 31, 2018.  After the deadline passed without action by the defendant, the plaintiff moved for an assessment of damages and a default judgment pursuant to Mass. R. Civ. P. 55 (b) (2), as amended, 463 Mass. 1401 (2012).  Before that motion was acted on, on December 10, 2018, the defendant, acting pro se, filed a motion to set aside the default.  He stated that he was working on the real estate project and that he had "numerous defenses . . . including satisfaction of Agreement and lack of subject matter jurisdiction."  He did not explain why he had not filed an answer in the time he requested.  The judge denied the defendant's motion without prejudice "for failure to comply with superior court rule 9A."[4]

On January 16, 2019, the defendant's attorney entered an appearance on his behalf.  Less than one month later, and before any damages were assessed or a default judgment was entered, the defendant filed a motion to set aside the default.  In his motion, the defendant asserted that he "did not timely answer the Complaint because he was of the opinion that the matter

---

[4] That rule, as applicable here, requires that a motion be filed with any opposition and reply, rather than separately. See Viriyahiranpaiboon v. Department of State Police, 52 Mass. App. Ct. 843, 845 (2001).

could be negotiated."[5]  The defendant asserted that the $125,000 payment was not a loan, but rather an investment in the Jamaica real estate development, but he did not attach an affidavit signed by the defendant.  After a hearing, the judge denied the motion on March 26, 2019.  On April 8, 2019, the defendant filed a notice of appeal of this order.

Approximately two months later, the defendant filed a motion to reconsider the denial of his motion to set aside the default based on alleged newly discovered evidence.  In support of his motion, the defendant submitted an affidavit attesting that, "while going through boxes, [he] discovered the check written for [him] by the Plaintiff in the amount of $125,000" and that the check was written by the plaintiff for an interest in a "Jamaica Land Deal," rather than a loan.  At the hearing on the motion, neither the defendant nor his attorney appeared and, as a result, no action was taken on the motion.[6]

---

[5] The summons form specifically stated, "You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff."

[6] The hearing was originally scheduled for June 26, 2019. On the defendant's motion, it was rescheduled to July 18, 2019. The defendant has not appealed the denial of his motion to reconsider, nor does he provide any reason why a judge does not have the discretion to deny a motion summarily when, without excuse, neither the movant nor the movant's attorney appears at the hearing on the motion.

On November 5, 2019, the plaintiff filed a motion to dismiss the appeal on the ground that the defendant had not ordered the transcript in a timely manner.  Prior to the hearing, the defendant notified the Superior Court that no transcript was necessary for the appeal.  See Mass. R. A. P. 8 (b) (1) (A), as appearing in 481 Mass. 1611 (2019) ("the appellant shall . . . order the transcription of those proceedings within 14 days of filing the notice of appeal . . . unless the appellant certifies to the clerk (i) that no lower court proceedings are relevant to the appeal . . . ").  After a hearing later that month, the motion was allowed, and the appeal was dismissed.  On December 5, 2019, the defendant filed a notice of appeal of the dismissal of the appeal.  In an unpublished decision pursuant to our rule 23.0, a panel of this court reversed the order dismissing the defendant's initial notice of appeal and reinstated that appeal.  See Linder v. Pollak, 100 Mass. App. Ct. 1121 (2022); Mass. R. A. P. 10 (c), as appearing in 481 Mass. 1618 (2019) ("If, prior to the lower court's hearing such motion for noncompliance with Rule 9[d], the appellant shall have cured the noncompliance, the appellant's compliance shall be deemed timely").  The panel noted the issue whether the original appeal was interlocutory

but declined to decide that issue because it had not been raised or briefed.  That issue is now before us.[7]

2.  Propriety of the appeal.  When a party does not "file[] an answer to the complaint, . . . a default [may] enter[] pursuant to Mass. R. Civ. P. 55 (a), 365 Mass. 822 (1974)." Care One Mgt., LLC v. Brown, 98 Mass. App. Ct. 589, 591 (2020). A clerk may enter a default judgment "for a sum certain or for a sum which can by computation be made certain."  Curly Customs, Inc. v. Pioneer Fin., 62 Mass. App. Ct. 92, 100 (2004), quoting Mass. R. Civ. P. 55 (b) (1), as amended, 454 Mass. 1401 (2009). "In all other cases, entry of a judgment by default may only be accomplished by order of a judge."  Johnny's Oil Co. v. Eldayha, 82 Mass. App. Ct. 705, 709 (2012).  See Mass. R. Civ. P. 55 (b) (2), as amended, 463 Mass. 1401 (2012).  In those circumstances, a judge must hold a hearing and make findings of fact.  See Hermanson v. Szafarowicz, 457 Mass. 39, 50 (2010). "[T]he judge has an obligation fairly to determine that the amount of damages has a reasonable basis in fact," and may not rely solely on representations of counsel.  Jones v. Boykan, 464 Mass. 285, 294 (2013).  Here, it is uncontested that an

---

[7] The plaintiff addressed the issue in his brief before us, and we ordered all parties to be prepared to discuss the issue at oral argument.  The defendant then waived oral argument altogether, pursuant to Mass. R. A. P. 22 (f), as appearing in 481 Mass. 1651 (2019).

assessment of damages was required and, indeed, the plaintiff requested such a hearing.

"For good cause shown the court may set aside an entry of default and, if a judgment has been entered, may likewise set it aside in accordance with Rule 60(b)."  Mass. R. Civ. P. 55 (c), 365 Mass. 822 (1974).  As the rule suggests, a party may move to set aside a default before or after judgment enters.  See Ceruolo v. Garcia, 92 Mass. App. Ct. 185, 188 (2017) ("The excusable neglect standard is applied after judgment has entered.  The 'good cause' standard is applicable when default, but not judgment, has entered").  Here, the defendant moved to set aside the default before judgment, the motion was denied, and no assessment of damages or entry of judgment has occurred.

"Generally, a litigant is entitled to appellate review only of a final judgment, not of an interlocutory ruling."  Lynch v. Crawford, 483 Mass. 631, 634 (2019).  See G. L. c. 231, § 113 ("A party aggrieved by a final judgment of the superior court . . . may appeal therefrom to the appeals court").  "[A]bsent special authorization . . . an appellate court will reject attempts to obtain piecemeal review of trial rulings that do not represent final disposition on the merits."  Governo Law Firm LLC v. Bergeron, 487 Mass. 188, 192 n.10 (2021), quoting Theisz v. Massachusetts Bay Transp. Auth., 481 Mass. 1012, 1014 (2018). This rule exists "to avoid piecemeal appeals from interlocutory

decisions that will delay the resolution of the trial court case, increase the over-all cost of the litigation, and burden our appellate courts." Lynch, supra, quoting Patel v. Martin, 481 Mass. 29, 32 (2018). Accord Wilbur v. Tunnell, 98 Mass. App. Ct. 19, 20 (2020).

We have already recognized that a plaintiff may not appeal an order granting a motion to vacate a default judgment prior to the resolution of the newly revived lawsuit in the absence of permission from a single justice pursuant to G. L. c. 231, § 118, or a report from the trial court judge pursuant to Mass. R. Civ. P. 64 (a), as amended, 423 Mass. 1403 (1996). See Institution for Sav. in Newburyport & its Vicinity v. Langis, 92 Mass. App. Ct. 815, 818 (2018) (Institution for Sav.), citing Chavoor v. Lewis, 383 Mass. 801, 807 (1981). As we stated, "[t]hose procedures incorporate a judicial gatekeeping role that is essential in light of 'the principle that piecemeal appellate review is strongly disfavored.'" Institution for Sav., supra, quoting McMenimen v. Passatempo, 452 Mass. 178, 193 (2008).

The same reasoning applies here, where the motion to set aside the default was denied prior to judgment. This case is close to finality, needing only the assessment of damages before it can reach final judgment. Once that is completed, we can, upon the timely filing of a proper notice of appeal, review the denial of the motion to set aside the default and any issues

arising from the assessment of damages in one appeal.  In the future, this can be done in one appellate proceeding, rather than wastefully adjudicating each issue in separate appeals. See Keene v. Brigham & Women's Hosp., Inc., 439 Mass. 223, 233-242 (2003); Johnny's Oil Co., 82 Mass. App. Ct. at 707-716. Nothing permits us to entertain this interlocutory appeal and thus "overcome the appellate courts' reluctance to engage in piecemeal appellate review."  Zaniboni v. Massachusetts Trial Court, 465 Mass. 1013, 1014 (2013).  Accord Barbetti v. Stempniewicz, 490 Mass. 98, 103 (2022), quoting Reiter v. Cooper, 507 U.S. 258, 265 (1993) (describing "the historic [F]ederal [and State] policy against piecemeal appeals").

Accordingly, we dismiss the appeal for want of jurisdiction.

Appeal dismissed.