NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

23-P-357                                        Appeals Court

 MARY ALBERTI, personal representative,[1]  vs.  JONATHAN ALBERTI,
                   individually and as trustee.[2]


                          No. 23-P-357.

        Norfolk.     December 11, 2023. - May 28, 2024.

             Present:  Meade, Massing, & Sacks, JJ.


Practice, Civil, Summary judgment, Interlocutory appeal,
     Dismissal of appeal, Judgment.


     Civil action commenced in the Superior Court Department on
July 11, 2017.

     The case was heard by Debra A. Squires-Lee, J., on a motion
for summary judgment, and entry of judgment was ordered by her.

     Marc Cerone (Andrew Aloisi also present) for the plaintiff.


     MASSING, J.  Before us, facially appearing to be the

plaintiff's appeal from a final judgment, under closer scrutiny

is an unauthorized appeal from an interlocutory order denying

_____

     [1] Of the estate of Joshua Alberti.

     [2] Of the 210 Bellevue Road Realty Trust.

the plaintiff's motion for partial summary judgment.  We dismiss the appeal as improperly brought.

Background.  The plaintiff, as personal representative of the estate of her late husband, Joshua Alberti, filed a complaint in the Superior Court against her late husband's brother, Jonathan Alberti.[3]  She claimed that mere weeks after Joshua's death, Jonathan exercised undue influence on his and Joshua's mother, Jean Alberti, causing her to amend the Alberti Family Irrevocable Trust (irrevocable trust) to name Jonathan as the sole beneficiary, thereby depriving the children of Joshua and the plaintiff of the fifty percent beneficial interest in the irrevocable trust that they held prior to the amendment.  The plaintiff also claimed that the amendment was invalid under the terms of the irrevocable trust itself, as was an amendment executed by Jonathan and Jean to the 210 Bellevue Road Realty Trust (realty trust), a related nominee trust,[4] similarly dispossessing Joshua's heirs.  The complaint concluded with twelve prayers for relief labeled (a) through (l).

---

[3] Because the parties all share the same last name, we refer to them by first name.

[4] Under the realty trust, Jonathan had the right to reside in the trust property, the Alberti family home in Quincy, after the death of the brothers' parents; thereafter, the property would be distributed to Jonathan and Joshua as the trustees of the irrevocable trust or to their successor trustees.

In 2019 the plaintiff moved for partial summary judgment on prayers for relief (g) and (h), arguing that the amendments to the two trusts were invalid as a matter of law, and seeking a declaration that Joshua's estate was the fifty percent beneficiary of the irrevocable trust and that the irrevocable trust was the sole beneficiary of the realty trust.[5]  The motion did not address the plaintiff's undue influence claim.  A Superior Court judge denied the plaintiff's motion and instead issued partial summary judgment for Jonathan on prayers (g) and (h), declaring that the challenged amendments validly and effectively made Jonathan the sole beneficiary of both trusts. The judge directed the clerk to schedule a rule 16 conference, see Mass. R. Civ. P. 16, as amended, 466 Mass. 1401 (2013), to address the plaintiff's remaining claims and prayers for relief.

After some confusion and delay occasioned by the parties' attempt to mediate the case, coupled with the onset of the COVID-19 pandemic, a rule 16 conference was held in late 2022. Although we do not have the transcripts of the conference or the ensuing hearings, it appears that the parties did not discuss

---

[5] In prayer (g), the plaintiff requested "[t]hat this Honorable Court declare that the Plaintiff has a fifty percent (50%) beneficial interest in the Alberti Family Irrevocable Trust."  In prayer (h), she requested "[t]hat this Honorable Court declare that the Alberti Family Irrevocable Trust is the one hundred percent (100%) beneficiary of the . . . Realty Trust."

how to address the plaintiff's undue influence claim or her other prayers for relief.  Rather, the docket entries show that the parties discussed how to obtain appellate review of the partial summary judgment decision while at the same time deferring the undue influence claim for later proceedings.  After hearings before two Superior Court judges other than the motion judge, the parties came to a solution:  they stipulated to dismissal of the plaintiff's undue influence claim, without prejudice, and simultaneously entered into a tolling agreement that would allow the plaintiff to revive her undue influence claim if she were unsuccessful in the appeal of the partial summary judgment order.  With the undue influence claim thus set aside, the original motion judge issued declaratory relief and final judgment for Jonathan solely on prayers (g) and (h).  The plaintiff timely filed a notice of appeal.

After hearing oral argument, attuned to the possibility that the appeal before us was not actually the appeal of a final judgment, we directed the parties to file supplemental briefs concerning the propriety of the appeal.  Specifically, we asked the parties to address the following question:

> "whether this appeal is properly before the court -- that is, whether this is truly an appeal of a final judgment -- where the issue on appeal was decided in a partial summary judgment order that did not address all the claims in the complaint and the parties did not obtain rule 54 (b)[6]

---

[6] See Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974).

certification of the issues decided, but instead stipulated to temporary dismissal of the outstanding claim, <u>without</u> prejudice, and entered into a tolling agreement designed to allow resurrection of the outstanding claim after this appeal is decided."

Having received the plaintiff's response,[7] we conclude that the appeal, manufactured in this fashion, is not properly before us.

Discussion.  "As a general rule, there is no right to appeal from an interlocutory order unless a statute or rule authorizes it."  <u>CP 200 State, LLC</u> v. <u>CIEE, Inc</u>., 488 Mass. 847, 848 (2022), quoting <u>Maddocks</u> v. <u>Ricker</u>, 403 Mass. 592, 597 (1988).  The grant of partial summary judgment, disposing of fewer than all the issues in a case, is an interlocutory order that cannot be appealed as of right.  See <u>Barbetti</u> v. <u>Stempniewicz</u>, 490 Mass. 98, 102 (2022); <u>McGrath</u> v. <u>McGrath</u>, 65 Mass. App. Ct. 670, 671 n.3 (2006).  Unless the motion judge enters separate and final judgment under Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974), "an order for partial summary judgment is not a judgment, but merely an order for judgment, interlocutory in nature, subject to revision at any time by the trial court prior to the entry of a judgment disposing of all claims against all parties to the action."  <u>Herbert A. Sullivan, Inc</u>. v. <u>Utica Mut. Ins. Co</u>., 439 Mass. 387, 401 (2003), quoting

---

[7] Jonathan did not file a brief in this appeal and did not respond to our request for supplemental briefing.

Acme Eng'g & Mfg. Corp. v. Airadyne Co., 9 Mass. App. Ct. 762, 764 (1980). See Mass. R. Civ. P. 54 (b) (order adjudicating "fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties").

After the judge granted the defendant partial summary judgment on two of the plaintiff's prayers for declaratory relief and scheduled a rule 16 conference to determine which of the plaintiff's remaining claims were still viable and how to proceed, the parties did not seek the entry of separate and final judgment under rule 54 (b). No Superior Court judge made "an express determination that there is no just reason [to] delay" entry of judgment on the two claims decided in the partial summary judgment order. Mass. R. Civ. P. 54 (b).

Because of the well-established policy disapproving piecemeal appeals, "certifications under rule 54 (b) 'should not be granted routinely or as a courtesy or accommodation to counsel.'" Long v. Wickett, 50 Mass. App. Ct. 380, 389 (2000), quoting Panichella v. Pennsylvania R.R., 252 F.2d 452, 455 (3d Cir. 1958). A trial judge's discretion to enter a separate and final judgment under rule 54 (b) "should be exercised sparingly" (quotation and citation omitted). Long, supra. Except in extraordinary circumstances, it should not be used "when the

dismissed and the surviving claims are factually and legally overlapping or closely related." Id. Appellate courts expect "strict compliance" with this rule (citation omitted). Barbetti, 490 Mass. at 103. Long, supra. Accordingly, we decline the plaintiff's suggestion that we treat this appeal as if rule 54 (b) certification had been duly and properly entered. "The preferred practice is to withhold judgment until all claims have been disposed of . . . ." Acme Eng'g & Mfg. Corp., 9 Mass. App. Ct. at 764.

The plaintiff might also have sought appellate review by asking the motion judge to report her interlocutory order to this court under Mass. R. Civ. P. 64 (a), as amended, 423 Mass. 1403 (1996), or by filing a petition in the single justice session of this court under G. L. c. 231, § 118, first par. See CP 200 State, LLC, 488 Mass. at 848 n.2; Patel v. Martin, 481 Mass. 29, 31-32 (2018). To report the question, the judge would have been required to find that the interlocutory order "so affects the merits of the controversy that the matter ought to be determined by the appeals court before any further proceedings in the trial court." Mass. R. Civ. P. 64 (a). The propriety of a report would be questionable here, as the partial summary judgement order "do[es] not present issues of such a serious nature as to overcome the appellate courts' reluctance to engage in piecemeal appellate review." Zaniboni v.

Massachusetts Trial Court, 465 Mass. 1013, 1014 (2013). Similarly, "[i]n most cases, . . . the single justice will decline to act on an application for relief under G. L. c. 231, § 118, first par., that does not disclose clear error of law or abuse of discretion." Jet-Line Servs., Inc. v. Selectmen of Stoughton, 25 Mass. App. Ct. 645, 646 (1988).  In addition, such petitions must be brought within "the short statutory window (not extendable by a court)" of thirty days from the entry of the order.  Zaniboni, supra at 1013 n.1.

Instead of seeking rule 54 (b) certification; asking the judge to report the order under rule 64 (a); filing a petition under G. L. c. 231, § 118, first par.; or going to trial on her undue influence claim, the plaintiff, with the defendant's acquiescence, manufactured a final judgment by voluntarily dismissing the undue influence claim without prejudice and entering into a tolling agreement to permit the claim to be raised at a later date.  The United States Courts of Appeal uniformly prohibit this and similar tactics for obtaining appellate review.[8]  See, e.g., Scottsdale Ins. Co. v. McGrath, 88

---

[8] See Scottsdale Ins. Co. v. McGrath, 88 F.4th 369, 379 (2d Cir. 2023); West v. Louisville Gas & Elec. Co., 920 F.3d 499, 504 (7th Cir. 2019); Blue v. District of Columbia Pub. Sch., 764 F.3d 11, 17-18 (D.C. Cir. 2014); Page Plus of Atlanta, Inc. v. Owl Wireless, LLC, 733 F.3d 658, 662 (6th Cir. 2013); Ruppert v. Principal Life Ins. Co., 705 F.3d 839, 842-843 (8th Cir.), cert. denied, 571 U.S. 825 (2013); Federal Home Loan Mtge. Corp. v. Scottsdale Ins. Co., 316 F.3d 431, 438 (3d Cir. 2003); State

F.4th 369, 379 (2d Cir. 2023), quoting Rabbi Jacob Joseph Sch.
v. Province of Mendoza, 425 F.3d 207, 210 (2d Cir. 2005)
("immediate appeal is unavailable to a plaintiff who seeks
review of an adverse decision on some of its claims by
voluntarily dismissing the others without prejudice"; "a
plaintiff who is permitted to appeal following a voluntary
dismissal without prejudice will effectively have secured an
otherwise unavailable interlocutory appeal").  See also
Dannenberg v. Software Toolworks, Inc., 16 F.3d 1073, 1077 (9th
Cir. 1994) ("litigants should not be able to avoid the final
judgment rule without fully relinquishing the ability to further
litigate unresolved claims").  See generally Cochran, Gaming
Appellate Review by "Manufacturing" a Final Judgment Through
Voluntary Dismissal of Peripheral Claims, 48 Mercer L. Rev. 979,
1020-1021 (1997) (arguing for bright-line rule that dismissal of
unadjudicated claims with prejudice, effectively barring the
dismissed claims from future litigation, should be considered a
final judgment, whereas dismissal without prejudice, which
permits dismissed claims to be revived, should not be permitted
to "finalize" partial judgment).

---

Treasurer v. Barry, 168 F.3d 8, 13 (11th Cir. 1999); Dannenberg
v. Software Toolworks, Inc., 16 F.3d 1073, 1077 (9th Cir. 1994);
Cook v. Rocky Mountain Bank Note Co., 974 F.2d 147, 148 (10th
Cir. 1992); Ryan v. Occidental Petroleum Corp., 577 F.2d 298,
302 (5th Cir. 1978); Hudson v. Peerless Ins. Co., 374 F.2d 942,
944 (4th Cir. 1967).

We had the occasion to address circumstances similar to those presented here in Institution for Sav. in Newburyport & Its Vicinity v. Langis, 92 Mass. App. Ct. 815 (2018).  There the plaintiff obtained a default judgment against one of two codefendants, who subsequently succeeded in having the default removed through a motion for relief from the judgment.  See id. at 816-817.  Because the order allowing relief from the judgment was interlocutory in nature with no right of appeal, the plaintiff stipulated to dismissal of its action against both defendants, with prejudice, reserving the right to appeal the order vacating the default judgment.  See id. at 818.  We observed that "[a]ccepting such a stipulation as a means of obtaining temporary 'finality' to permit an interlocutory appeal would effectively undermine the judicial gatekeeper function intended to limit such appeals."  Id.  Although we "put aside our doubts" in that case to address a recurring but undecided question of civil procedure, "[w]e caution[ed] against any future attempts to obtain review in this fashion."  Id. at 818-819.

Similarly here, the plaintiff obtained temporary and artificial finality by severing her undue influence claim from the action, carefully reserving her right to reinstate it, if she so desires, after the appeal from the interlocutory partial summary judgment order.  We join the Federal appellate courts in

holding that manufacturing a temporary final judgment by dismissing open claims without prejudice runs contrary to the long-standing policy against piecemeal appellate review and is ineffective to create appellate jurisdiction.  See Marshall v. Kansas City S. Ry., 378 F.3d 495, 500 (5th Cir. 2004) ("a party cannot use voluntary dismissal without prejudice as an end-run around the final judgment rule to convert an otherwise non-final -- and thus non-appealable -- ruling into a final decision").

In the interests of justice and sound judicial administration, there having been no final judgment, the appeal is dismissed.

Appeal dismissed.